SNOW BECKER KRAUSS P.C.
605 Third Avenue
New York, New York 10158
(212) 687-3860
Paul C. Kurland (pk5179)
Michael H. DuBoff (md1902)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

Kimberly Steel,

                Plaintiff,

        -against –

Watch Hill Management Corp.,
Watch Hill Investment Partners L.P.
Providence Investment Management, LLC and
Russell Jeffrey,

                Defendants.

-------------------------------------------------X

Index No. *08.CV 01698*
*Judge Daniels*

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Kimberly Steel ("Steel") by her attorneys Snow Becker Krauss PC as and for her complaint against Defendants Watch Hill Management Corp. ("Watch Hill Management"), Watch Hill Investment Partners L.P. ("Watch Hill Partnership") (collectively referred to as "Watch Hill"), Providence Investment Management, LLC ("Providence") and Russell Jeffrey ("Jeffrey") alleges:

**NATURE OF ACTION**

1.      Steel seeks to recover, pursuant to Paragraph 3(b) of her Employment Agreement, the "bonus for services in soliciting and obtaining investors for the [Watch Hill] Partnership" for which Watch Hill Management agreed to "pay Steel in perpetuity a quarterly bonus based upon the amount of investments in the [Watch Hill] Partnership by limited partners who are introduced by Steel to the [Watch Hill] Partnership...." That section of the Employment Agreement further states in part:

1

**In the event the General Partner or any affiliate thereof establishes, acts as general partner to, manages, operates or controls another securities investment partnership, securities investment company, securities investment fund or securities investment account, Steel's bonus computation hereunder will, in addition to the capital accounts of Referred Limited Partners in the Partnership, include and be based, in addition, on the capital accounts of Referred Limited Partners in any such other securities investment partnership, securities investment company, securities investment fund or securities investment account.**

**For purposes of this Agreement, an affiliate of the General Partner shall include either of the individual general partners of the General Partner and their affiliates; and the term "affiliate" shall have the same meaning it has under the Securities Act at 1933, as amended.**

**Steel shall have the right from time to time to examine or have her agents examine any relevant books and records at the Partnership, General Partner and WHM (and any affiliate of any of them) during normal business hours to verify the computations of her bonus payments and make copies of capital accounts and information relating thereto. In the event of any proven discrepancies, Steel shall be reimbursed the fees and expenses incurred with respect to any such examinations. (All emphasis supplied unless otherwise noted). (A copy of the Employment Agreement is annexed hereto as Exhibit "A").**

2.     Watch Hill has paid Steel the portion of the quarterly bonuses due under the

contract for the Referred Limited Partners investments with Watch Hill funds. However, Russell

Jeffrey, a General Partner of Watch Hill at the time the Employment Agreement was entered into

and a guarantor under that Agreement, left Watch Hill and became a general partner, manager,

operation and/or control person of Providence which commenced operations in or about March,

2004. Thereafter, several Steel Referred Limited Partners moved investments from Watch Hill

and invested with Mr. Jeffrey in funds maintained by Providence. Furthermore, several Steel

Referred Limited Partners invested additional amounts in Providence funds. Steel has not been

paid any of the bonus due for investments with Mr. Jeffrey in Providence funds despite demand.

Steel also seeks to recover her attorney's fees as provided for in Paragraph 6(a) of the

Employment Agreement and the cost of this proceeding pursuant to Paragraph 7(a) of the

2

Employment Agreement.

3.     Neither Jeffrey nor Providence has allowed Steel to examine the Providence books and records as provided for in the Employment Agreement.  Therefore, she cannot confirm the number of Steel Referred Limited Partners nor the amount that the Steel Referred Limited Partners invested with Providence.  However, at least one Steel Referred Limited Partner advised Steel that he invested in excess of $60,000,000 that was used to start a Providence offshore fund.

4.     Although, pursuant to the Employment Agreement, Watch Hill is obligated to pay the bonuses due from Jeffrey and Providence, it is ultimately the obligation of Jeffrey and Providence.  Watch Hill is therefore named as a party because it is the conduit for the funds due from Jeffrey and Providence.

## VENUE AND JURISDICTION

5.     The Court has jurisdiction based upon 28 U.S.C. §1332.  The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars and is between citizens of different states.

6.     Venue is proper in this District under 18 U.S.C. §1391(a).  The Employment Agreement that this case is based upon was entered into within the District and calls for the application of the laws of the State of New York.  In addition, the Defendants whose payments were guaranteed to Plaintiff have their principal place of business within this District.

## THE PARTIES

7.     Plaintiff Steel is an individual currently residing in Ketchum, Idaho and was employed by Watch Hill Management as a Managing Director of Investment Relations, commencing February, 1995 through January 28, 2004.

8.     Watch Hill Management is a corporation existing under the laws of the State of

3

New York which, during all relevant times, had its principal place of business in Larchmont, New York and provided management services to Watch Hill Fund L.P. ("Watch Hill Fund"), a New York limited partnership whose general partner is Watch Hill Partnership.

9.    Defendant Watch Hill Partnership is a New York partnership which, during all relevant times, had its principal place of business in Larchmont, New York and was General Partner of Watch Hill Fund and guarantor of the obligation to Steel under her Employment Agreement.

10.    Defendant Jeffrey is an individual who, upon information and belief, resides in Rhode Island, was a General Partner of Watch Hill Partnership until December 2002 and guarantor of the obligations to Steel under the Employment Agreement.

11.    Subsequent to Jeffrey leaving Watch Hill, he became a general partner, manager and operation and/or control person of Providence.

12.    Defendant Providence is a limited liability company which, upon information and belief, was formed under the laws of the State of Delaware and has its principal place of business in Providence, Rhode Island.

13.    Watch Hill and Providence during all relevant times were and Providence continues to be engaged in creating limited partnership funds and/or pools (collectively referred to as "funds") that focused on investing in the mortgage market and managing assets for those funds.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

14.    Plaintiff Steel and Defendant Watch Hill Management entered into the Employment Agreement as of February 8, 1995.  (A copy is annexed hereto as Exhibit "A").

15.    Watch Hill Partnership and Jeffrey guaranteed the "full and prompt payment of all of [Watch Hill Management's] obligations to Steel under this [Employment] Agreement..." in

4

addition, the guarantors consented and agreed to the validity of the guaranty and that the liability under the guaranty would not be impaired, released or terminated by any amendment or change to the Employment Agreement.

16.    A Supplement to the Employment Agreement was entered into as of January 1, 1996.  (A copy of the Supplement to the Employment Agreement is annexed hereto as Exhibit "B").  The Supplement to the Employment Agreement related to certain fees and expenses to be paid to Steel, which have been paid and are not the subject of this action.

17.    During the term of her employment and thereafter, Steel has fully complied with all of the terms and her obligations under the Employment Agreement.

18.    During the term of her employment and in compliance with the terms of the Employment Agreement, Steel solicited and obtained investors for funds ("Referred Limited Partners") created and managed by Watch Hill.  Each investor as well as each investment was approved by Watch Hill prior to any investment being accepted into any fund.

19.    Steel's employment with Watch Hill was terminated on January 28, 2004.  (A copy of the termination letter is annexed hereto as Exhibit "C").

20.    Paragraph 3(b) of the Employment Agreement provided in part **"as a bonus for services in soliciting and obtaining investors** in the partnership, WHM [Watch Hill Management] **agrees to pay Steel in perpetuity a quarterly bonus** based upon the amount of investments in the Partnership by limited partners who were introduced by Steel to the Partnership..." That Paragraph goes on to specify how the bonus was computed.

21.    Paragraph 5 of the Employment Agreement provides:

> Either party may terminate Steel's employment under this Agreement by notice in writing to the other party at any time with or without cause. **Upon termination of Steel's employment under this Agreement for any reason, including for cause or by reason of a breach by Steel, [Watch Hill Management's] obligation to pay Steel or Steel's designee the bonus payment provided pursuant to Section 3(b) above will**

5

> nonetheless continue in perpetuity, provided that if the continuation of such payments would violate any applicable law or regulation, [Watch Hill Management's] obligation to make such payments will be suspended and cumulate; and thereafter such payments (including arrearages) will resume immediately after such violation is cured or corrected.

22.    In addition to providing for the payments of the bonus in perpetuity, the Employment Agreement provides in Paragraph 6(a):

> [Watch Hill Management] agrees to indemnify and hold Steel harmless to the fullest extent permitted by law from any loss, damage, liability or expense, including attorney's fees, to which Steel may become subject arising out of or relating to any act or omission by [Watch Hill Management] or any person or entity affiliated, connected or associated with [Watch Hill Management]) which is or is alleged to be a violation of any applicable statutes, laws or regulations or arising from the negligence or willful misconduct of [Watch Hill Management]....

23.    In or about December, 2002 Jeffrey left Watch Hill and thereafter, formed Providence which was and is engaged in substantially the same business as Watch Hill.

24.    Jeffrey solicited and/or accepted investments from Referred Limited Partners that Steel had introduced to Watch Hill while Jeffrey was a General Partner of Watch Hill.

25.    Upon information and belief, Steel Referred Limited Partners have invested additional amounts in Providence funds.

26.    Watch Hill has made the required bonus payments due to Steel for Steel Referred Limited Partners in the Watch Hill funds.

27.    Watch Hill did not make the bonus payment due to Ms. Steel for bonus payments due based upon the Steel Referred Limited Partners investments with Mr. Jeffrey and/or Providence.

28.    The obligation for the unpaid bonus payments is based upon Steel Referred Limited Partners investments with Jeffrey in funds maintained by Providence.

6

29.    Upon information and belief, Watch Hill ceased operating its funds on or about December 31, 2006.

30.    Steel has not been paid any portion of her bonus for the Steel Referred Limited Partners investments with Mr. Jeffrey and/or Providence funds.

31.    Jeffrey and Providence have refused to make any bonus payments due to Steel under the Employment Agreement for Steel Referred Limited Partners investments with Jeffrey and/or Providence funds although demand for payment has been made by Steel.

32.    Jeffrey and Providence have refused to allow Steel to examine the Providence books and records in order to determine the amount of bonus payments due to her as a result of Steel Referred Limited Partners investments with Providence.

33.    Defendant Jeffrey is liable to Ms. Steel pursuant to his guaranty of the full and prompt payment of Watch Hill Management's obligations to Ms. Steel.

34.    By reason of the foregoing, Defendants Jeffrey and Providence are jointly and severally liable to claimant Steel for the compensation due to her pursuant to Paragraph 3(b) of the Employment Agreement, as well as her attorneys' fees pursuant to Paragraph 6(a) and for the costs of this proceeding pursuant to Paragraph 7(a) of the Employment Agreement.

35.    Watch Hill is liable to Steel as the conduit for the Jeffrey and Providence obligations.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

36.    Steel incorporates and realleges the allegations contained in paragraph 1 through 35 as is fully set forth herein.

37.    Pursuant to the terms of the Employment Agreement and Guaranty Defendants are obligated to pay Steel or her designee or heirs in perpetuity a quarterly bonus based upon the

amount of investments by Referred Limited Partners whether or not she is employed by any of the Defendants.

38.    Pursuant to the Employment Agreement Steel and/or her agents have the right to examine any of Defendants' relevant books and records.

39.    Despite demand, Defendants have failed and refused to provide Steel with an accounting of the investments by Referred Limited Partners in the Providence Funds and to pay Steel the quarterly bonus based upon the investments.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of New York Labor Law)

40.    Steel incorporates and realleges the allegations contained in paragraph 1 through 39 as is fully set forth herein.

41.    New York Labor Law § 191-c provides:

**Payment of sales commission**
1. When a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated.

2. The earned commission shall be paid to the sales representative at the usual place of payment unless the sales representative requests that the commission be sent to him or her through the mails.  If the commissions are sent to the sales representative by mail, the earned commissions shall be deemed to have been paid as of the date of their postmark for purposes of this section.

3. A principal who fails to comply with the provisions of this action concerning timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages.  The prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements.

42.    Defendants' failure to pay Steel the commissions due to her is a violation of New York Labor Law § 191-c (1).

43.    As a result of the violation, New York Labor Law § 191-c (3) provides that Defendants are liable to Steel for double damages and reasonable attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS JEFFREY AND PROVIDENCE
### (Tortious Interference with Contractual Rights)

44.    Steel incorporates and realleges the allegations contained in paragraph 1 through 43 as is fully set forth herein.

45.    At the time Jeffrey and Providence solicited and/or accepted investments from Referred Limited Partners of Watch Hill, they were aware of the Employment Agreement with Steel.

46.    The solicitation and/or acceptance of investments from Referred Limited Partners without paying Steel the agreed upon bonus payments deprived Steel of the compensation that she was entitled to for the Steel Referred Limited Partners.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS JEFFREY AND PROVIDENCE

47.    Steel incorporates and realleges the allegations contained in paragraph 1 through 46 as is fully set forth herein.

48.    As a result of Jeffrey's and Providence's solicitation and/or acceptance of investments from Referred Limited Partners, they received the benefits of such investments.

49.    Based upon the Employment Agreement, which Defendants were aware of, Steel was entitled to bonus payments based upon the amount of investments by Referred Limited Partners in funds which Jeffrey establishes to act as a general partner, manager, operator or control person.

50.    Providence and Jeffrey received the benefit of the investments from Referred Limited Partners and did not pay Steel the contractual bonus she was and is entitled to.

WHEREFORE, Plaintiff Kimberly Steel seeks Judgment against Defendants Watch Hill Management Corp., Watch Hill Investment Partners L.P. Providence Investment Management,

LLC and Russell Jeffrey, jointly and severally as follows:

    (a)  On the First Cause of Action directing Defendants to permit Steel and/or her agent to inspect their books and records relating to investments by Steel Referred Limited Partners in Providence finds and, as provided for in the Employment Agreement Paragraph 3(b), to reimburse Steel for the fees and expenses incurred with respect to such examinations;

    (b)  On the Second Cause of Action for the additional relief Steel is entitled to under the New York Labor Law;

    (c)  directing Defendants to provide Steel with an accounting of the unpaid bonuses;

    (d)  that each of the Defendants are jointly and severally liable to Steel for that sum, plus interest, attorneys' fees and costs of this action;

    (e)  that Defendants are liable to Ms. Steel for the bonus payments in perpetuity as provided for in the Employment Agreement; and

    (f)  granting such other and further relief as this Court deems just and proper.

Dated:      New York, New York
              February 17, 2008

                           Snow Becker Krauss P.C.

                           By:_____
                           Michael H. Du Boff
                           Attorneys for Plaintiff
                           605 Third Avenue
                           New York, NY 10158
                           (212) 687-3860

TO:    Watch Hill Management Corp.,
        Watch Hill Investment Partners L.L.P.
        1865 Palmer Ave, Suite 201
        Larchmont, NY 10538

        Providence Investment Management, LLC
        76 Westminister Street
        The Turks Head Building, Suite 1400
        Providence, RI 02903

Russell Jeffrey
Providence Investment Management, LLC
76 Westminister Street
The Turks Head Building, Suite 1400
Providence, RI 02903

S:\MHD\Steel\Steel\Legal\Complaint 2008.1.23.doc