UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY STEEL,

                Plaintiff,

   -against-

WATCH HILL MANAGEMENT CORP.,
WATCH HILL INVESTMENT PARTNERS L.P.,
PROVIDENCE INVESTMENT MANAGEMENT, LLC,
and RUSSELL JEFFREY,

               Defendants.

Case No. 08-cv-01698 (GBD)


**<u>DEFENDANTS PROVIDENCE INVESTMENT MANAGEMENT, LLC
AND RUSSELL JEFFREY'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(2),
OR IN THE ALTERNATIVE, TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)</u>**


DAVIS & GILBERT LLP
Miles A. Baum (mbaum@dglaw.com)
Neal H. Klausner (nklausner@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800
*Attorneys for Defendants*
*Providence Investment Management, LLC*
*and Russell Jeffrey*

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................... 1

II.    STATEMENT OF FACTS ................................................................. 2

III.   ARGUMENT .................................................................................. 3

       A.     CPLR § 301 PROVIDES FOR GENERAL JURISDICTION IF THE
             DEFENDANT IS "DOING BUSINESS" WITHIN NEW YORK............. 5

       B.     NEW YORK COURTS APPLY A "SIMPLE PRAGMATIC TEST"
             TO DETERMINE WHETHER THERE IS JURISDICTION
             PURSUANT TO CPLR § 301 ..................................................... 5

       C.     SOLICITATION BY ITSELF DOES NOT CONSTITUTE "DOING
             BUSINESS" UNDER CPLR § 301 .............................................. 6

       D.     THERE IS NO PERSONAL JURISDICTION OVER JEFFREY
             PURSUANT TO CPLR § 301. .................................................... 7

       E.     THERE IS NO PERSONAL JURISDICTION OVER PROVIDENCE
             PURSUANT TO CPLR § 301. .................................................... 8

IV.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS
      PURSUANT TO CPLR § 302(A)(1). ................................................. 8

       A.     CPLR § 302 DOES NOT PROVIDE FOR PERSONAL
             JURISDICTION OVER A GUARANTOR WITHOUT MORE ............. 11

       B.     THERE IS NO JURISDICTION OVER JEFFREY PURSUANT TO
             CPLR § 302(A)(1) .............................................................. 12

       C.     PROVIDENCE IS NOT SUBJECT TO JURISDICTION
             PURSUANT TO CPLR § 302(A)(1) .......................................... 14

V.     NEW YORK'S EXERCISE OF PERSONAL JURISDICTION OVER THE
      DEFENDANTS IS NOT REASONABLE ......................................... 14

VI.   IN THE ALTERNATIVE, DEFENDANTS MOVE TO TRANSFER VENUE
      PURSUANT TO 28 U.S.C. § 1404(A). ............................................. 15

VII.   CONCLUSION ............................................................................. 18

i

# TABLE OF AUTHORITIES

## CASES

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
  480 U.S. 102 (U.S. 1987)......................................................................................4, 14-15

*Assoc. Aviation Underwriters v. DAP Holding, N.V.*,
  No. 02 Civ. 7446 (HB), 2003 U.S. Dist. LEXIS 9125
  (S.D.N.Y. May 31, 2003)..................................................................................................10

*Bassali v. Johnson Controls, Inc.*,
  No. 06 CV 4149 (KMW), 2007 U.S. Dist. LEXIS 95143
  (S.D.N.Y. Jan. 1, 2007)....................................................................................................16

*Beacon Enters., Inc. v. Menzies*,
  715 F.2d 757 (2d Cir. 1983)................................................................4, 5, 6, 8-9, 10

*Brescani v. Leela Mumbai-A-Kempinski Hotel*,
  311 F. Supp. 2d 440 (S.D.N.Y. 2004).............................................................................6

*Central Gulf Lines, Inc. v. Smith*,
  664 F. Supp. 127 (S.D.N.Y. 1987) ..............................................................................5-6, 7

*Diskin v. Starck*,
  538 F. Supp. 877 (E.D.N.Y. 1982) ...............................................................................5, 7, 14

*ESI, Inc. v. Coastal Corp.*,
  61 F. Supp. 2d 35 (S.D.N.Y. 1999) ...............................................................................11

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
  918 F.2d 1039 (2d Cir. 1990)........................................................................................6, 7

*Lehigh Valley Indus., Inc. v. Birenbaum*,
  527 F.2d 87 (2d Cir. 1975)................................................................................................4

*Lemme v. Wine of Japan Import, Inc.*,
  631 F. Supp. 456 (E.D.N.Y. 1986) ............................................................................11-12

*Marine Midland Bank, N.A. v. Miller*,
  664 F.2d 899 (2d Cir. 1981).............................................................................................4

*McKee v. Rauland-Borg Corp.*,
  20 N.Y.2d 377 (1967) ........................................................................................................9

*McShan v. Omega*,
  536 F.2d 516 (2d Cir. 1976)............................................................................................13

*PaineWebber Inc. v. Westgate Group,*
   748 F. Supp. 115 (S.D.N.Y. 1990) ........................................................ 9-10

*Rainbow Indus. Prods. V. Haybuster Mfg., Inc.,*
   419 F. Supp. 543 (E.D.N.Y. 1976) ............................................................9

*Realuyo v. Donatello,*
   No. 98 Civ. 7684 (JGK), 2000 U.S. Dist. LEXIS 3686
   (S.D.N.Y. Mar. 23, 2000) ........................................................... 9, 10-11

*Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc.,*
   2 F. Supp. 2d 470 (S.D.N.Y. 1998) ........................................................11

*Sher v. Johnson,*
   911 F.2d 1357 (9th Cir. 1990) ..................................................................7

*TSR Silicon Res., Inc. v. Broadway,*
   No. 06 Civ. 9419 (NRB), 2007 U.S. Dist. LEXIS 92121
   (S.D.N.Y. Dec. 14, 2007)........................................................................16

*Waldorf Assocs. v. Neville,*
   141 Misc. 2d 150 (N.Y. Sup. Ct. N.Y. County 1988),
   *aff'd,* 155 A.D.2d 283 (1st Dep't 1989)..........................................11, 14

*Wells Fargo v. Computertraining.com and Rau,*
   No. 04 CV 0982 (SHS), 2004 U.S. Dist. LEXIS 12911
   (S.D.N.Y. July 9, 2004) ..........................................................................13

## FEDERAL STATUTES

28 U.S.C. § 1404(a) ...........................................................................1, 15, 18

Fed. R. Civ. P. 12(b)(2)...................................................................1, 4, 15, 18

## STATE STATUTES

C.P.L.R. § 301...............................................................................................4

C.P.L.R. § 301...............................................................................................4

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2), defendants Providence Investment Management, LLC ("Providence") and Russell Jeffrey ("Jeffrey"), (together, the "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by plaintiff Kimberly Steel ("Steel" or "Plaintiff") for lack of personal jurisdiction as against them.    In the alternative, the Defendants seek a change of venue to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

## I.    PRELIMINARY STATEMENT

Steel's Complaint against the Defendants should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2).  Providence is a Delaware limited liability company with its principal place of business in Providence, Rhode Island.  Providence does not systematically and continuously do business in New York, and it has not transacted business in New York, or contracted to supply goods or services in New York, that relates to Steel's causes of action.  Jeffrey is a Rhode Island domiciliary.  Like Providence, he does not regularly do business in New York nor has he transacted business, or contracted to supply goods or services, in New York relating to Steel's causes of action.  Accordingly, Steel's Complaint should be dismissed as against the Defendants for lack of personal jurisdiction.

In the event that the Court finds that there is personal jurisdiction over one or both of the Defendants, in the alternative, the Defendants seek a transfer to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). The Defendants are Rhode Island domiciliaries.  As such, the majority of witnesses and evidence is located in Rhode Island.  Moreover, Plaintiff resides in Ketchum, Idaho. *See*

1

Plaintiff's Summons and Complaint (the "Complaint"), ¶ 7. Because neither Plaintiff nor the Defendants are New York domiciliaries, New York has little interest in providing a forum for Steel's lawsuit against them. Accordingly, this Court should grant the Defendants' motion to transfer venue.

## II.    STATEMENT OF FACTS

In February of 1995, Watch Hill Management Corp. ("WHM") hired Steel as its Managing Director of Investor Relations. WHM was a New York corporation that provided management services to Watch Hill Fund, L.P. ("WHF"). WHF was a New York limited partnership that invested in the mortgage market. Watch Hill Investment Partners, L.P. ("WHIP") was the general partner of WHF. On February 8, 1995, Steel and WHM entered into an employment agreement (the "Agreement") that specified the terms and conditions of Steel's employment. *See* the Affidavit of Russell Jeffrey ("Jeffrey Aff."), Exhibit A. The Agreement contained a guarantor clause (the "Guaranty"), pursuant to which WHIP guaranteed "full and prompt payment" of all of WHM's obligations under the Agreement.

When WHM hired Steel, Jeffrey was one of WHIP's general partners. As such, he signed the Guaranty on WHIP's behalf. In or about December of 2001, Jeffrey left WHIP. Thereafter in 2004, he formed Providence. Providence is a hedge fund that creates limited partnership funds that focus on investing in the mortgage market and that manages the funds' assets. Jeffrey is currently the Managing Member of Providence. In or about January of 2004, Steel left WHM. Sometime thereafter she moved to Ketchum, Idaho. Upon information and belief, WHM and WHIP ceased operating their funds on or about December 31, 2006.

2

On or about September 10, 2007, Steel served Defendants with a Demand for Arbitration and Notice of Intention to Arbitrate in accordance with the American Arbitration Association ("AAA"). The Defendants moved to stay the arbitration on the ground that they did not enter into an agreement to arbitrate. On or about January 14, 2008, Judge Joan Madden of the New York Supreme Court, New York County, granted the Defendants' Stay of Arbitration pursuant to New York Civil Practice Law and Rules ("CPLR") § 7503(b) (the "Madden Order"). *See* Jeffrey Aff., Exhibit B.

On or about February 19, 2008, Steel filed the Complaint against the Defendants, as well as against WHM and WHIP, in the Southern District of New York. Pursuant to the Complaint, Steel seeks to recover monies that she is allegedly owed pursuant to paragraph 3(b) of the Agreement. She asserts four causes of action arising out of the alleged breach of the Agreement: (1) breach of contract, (2) violation of New York Labor Law § 191-c(1), (3) tortious interference with contractual rights, and (4) quantum meruit (this claim is not specifically enumerated).

Though this Court may have personal jurisdiction over WHM and WHIP because they are or were New York companies, this Court lacks personal jurisdiction over Providence and Jeffrey. Providence is a Delaware limited liability company that maintains its principal place of business at 76 Westminister Street, The Turks Head Building, Suite 1400, Providence, Rhode Island, 02903. Jeffrey is a Rhode Island domiciliary. His home address is in Rhode Island.

## III.    ARGUMENT

A federal district court exercising diversity jurisdiction has personal jurisdiction over a non-resident defendant only if a court of the state in which it sits

3

would have such jurisdiction, and the exercise of jurisdiction comports with federal constitutional principles of due process. *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (finding that there was no jurisdiction over a California domiciliary because there was no evidence that she was "doing business" in New York pursuant to CPLR § 301, or that there was an articulable nexus between her contacts in New York and the cause of action pursuant to CPLR § 302). When a defendant brings a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving by a preponderance of the evidence that the court has personal jurisdiction. *Id.*, citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 92 (2d Cir. 1975).

New York state provides for general and specific personal jurisdiction pursuant to CPLR § 301 and § 302, respectively. CPLR § 301 provides for general jurisdiction, empowering the court to exercise jurisdiction over the defendant in any cause of action. Specific jurisdiction allows "long-arm" jurisdiction over a non-resident defendant as to causes arising out of certain acts within the state or having certain effects in New York. *See* CPLR § 302. If the plaintiff can show that the exercise of personal jurisdiction over the defendant is authorized pursuant to either CPLR § 301 or § 302, the court must then decide whether the exercise of jurisdiction comports with the requirements of due process. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987) (holding that California's exercise of personal jurisdiction over a Japanese manufacturer of car parts violated due process because the manufacturer did not purposefully avail itself of the privilege of conducting business within the state).

4

A.   **CPLR § 301 PROVIDES FOR GENERAL JURISDICTION IF THE DEFENDANT IS "DOING BUSINESS" WITHIN NEW YORK**

Under CPLR § 301, a non-resident is subject to personal jurisdiction in any cause of action if he is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of his 'presence' in New York." *Beacon Enters., Inc.,* 715 F.2d at 762 (citations omitted). To come within the statute, the non-domiciliary must be doing business in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (internal quotations and citations omitted). The quality and nature of those contacts must be "sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice that [the defendant] be required to defend the action" in New York. *Diskin v. Starck,* 538 F. Supp. 877, 880 (E.D.N.Y. 1982) (finding that the defendants' activities in New York were too limited to sustain jurisdiction).

B.   **NEW YORK COURTS APPLY A "SIMPLE PRAGMATIC TEST" TO DETERMINE WHETHER THERE IS JURISDICTION PURSUANT TO CPLR § 301**

Courts use a "simple and pragmatic" test to determine whether a non-domiciliary is "doing business" in the state pursuant to CPLR § 301. *Central Gulf Lines, Inc. v. Smith,* 664 F. Supp. 127, 129 (S.D.N.Y. 1987) (finding there was no personal jurisdiction because the defendant had no office, telephone, property or employees in New York, and the lawsuit was totally unrelated to New York interests or concerns). This fact-sensitive test takes into account the aggregate of the non-domiciliary's activities in the state and considers factors such as whether the non-domiciliary has an office, bank account, property or employees working in the state and whether he solicits business in

New York. *Id.* Under the "pragmatic test," even fairly substantial contacts can fail to satisfy the statute. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1045 (2d Cir. 1990) (finding foreign corporation's underwriting of insurance policies sold in New York insufficient to constitute "doing business").

Under CPLR § 301, the test that is applied to non-residents is similarly applied to foreign corporations. *See Brescani v. Leela Mumbai-A-Kempinski Hotel,* 311 F. Supp. 2d 440, 444 (S.D.N.Y. 2004) (finding that there was no personal jurisdiction over foreign hotel corporation because hotel had no offices in New York, was not licensed to do business in New York, did not have a New York telephone number and did not own any real or personal property in New York).

## C.   SOLICITATION BY ITSELF DOES NOT CONSTITUTE "DOING BUSINESS" UNDER CPLR § 301

Though solicitation of business within New York is one of the factors courts look to when determining whether there is personal jurisdiction over the defendant, such solicitation by itself does not constitute "doing business" within the meaning of CPLR § 301. *See Central Gulf,* 665 F Supp. at 130 ("[s]ome additional activities [other than solicitation] are necessary to render the corporation amenable to suit"). To come within CPLR § 301, the defendant must be engaged in activities within the state other than mere solicitation. *See Beacon Enters., Inc.*, 715 F.2d at 763 (for jurisdiction, there must be "substantial solicitation" that is carried on with a considerable measure of continuity and from a "permanent locale" within the state); *Landoil,* 918 F.2d at 1045 (dismissing complaint as against foreign corporations for lack of jurisdiction because defendants' contacts did not amount to "substantial and continuous" solicitation).

6

"Judge Friendly referred to this requirement as the 'solicitation-plus' rule." *Central Gulf*, 664 F. Supp. at 130.

A defendant's relationship with a New York entity does not provide a basis for jurisdiction as a component of the "plus" portion of the solicitation-plus test, "at least in the absence of a showing that the company has become an agent or division of the company over which the plaintiff seeks to exercise personal jurisdiction." *Landoil*, 918 F.2d at 1046. Even if substantial revenues have been generated through solicitation or advertising efforts, under New York law, such solicitation does not constitute doing business for jurisdictional purposes. *See Diskin*, 538 F. Supp. at 880.

### D. THERE IS NO PERSONAL JURISDICTION OVER JEFFREY PURSUANT TO CPLR § 301.

New York courts do not have personal jurisdiction over Jeffrey pursuant to CPLR § 301 because Jeffrey is not "doing business" in New York within the meaning of the statute. Jeffrey does not have a New York office, bank account or property.

Though there is personal jurisdiction over WHIP because WHIP was a New York limited partnership and was "doing business" in New York, this does not convey jurisdiction over Jeffrey, a former general partner of WHIP. "Jurisdiction depends only upon each defendant's relationship with the forum . . . Regardless of . . . liability, jurisdiction over each defendant must be established individually." *Sher v. Johnson*, 911 F.2d 1357, 1365-66 (9th Cir. 1990) (the contacts of the partnership cannot be imputed to the partners, though the contacts of the partners can establish jurisdiction over the partnership due to agency relationship).

7

### E.    THERE IS NO PERSONAL JURISDICTION OVER
####       PROVIDENCE PURSUANT TO CPLR § 301.

Like Jeffrey, Providence is not "doing business." Providence does not pay taxes in New York, and it does not maintain offices, bank accounts, employees or agents in New York.

Providence is a large company and, unsurprisingly, has clients who are New York residents, but such a *de minimis* connection to New York is not enough to sustain jurisdiction pursuant to CPLR § 301. Steel has not provided any evidence indicating that Providence specifically targets New York investors. In fact, Providence does not solicit New York clients, or any clients for that matter, because, as a hedge fund, it is prohibited from soliciting prospective clients. Even if Providence did solicit New York clients, which it explicitly denies, solicitation by itself does not constitute "doing business" within the meaning of CPLR § 301. Since Providence does not engage in any substantial business-related activity in New York, aside from the retention of New York clients, this Court does not have personal jurisdiction over it.

### IV.   THIS COURT LACKS PERSONAL JURISDICTION OVER
####       DEFENDANTS PURSUANT TO CPLR § 302(A)(1).

A non-resident who is not "doing business" in New York under CPLR § 301 may be subject to personal jurisdiction pursuant to CPLR § 302(a) on a lesser showing of forum contacts if the cause of action arose from those contacts. *Beacon Enters.*, 715 F.2d at 763. CPLR § 302(a)(1) states, in pertinent part, that "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state," and the cause of action is related to the transaction or contract. *Id.*

8

Jurisdiction under CPLR § 302(a) is "specific jurisdiction" because it is limited to the causes of action that arise in connection with the defendant's contacts within New York. Pursuant to CPLR § 302(a), the plaintiff must show an "articulable nexus" between the alleged cause of action and the business that was transacted within the state. *Id.* at 764. "'The existence of some articulable nexus between the business transacted and the cause of action sued upon' is essential." *Realuyo v. Donatello*, No. 98 Civ. 7684 (JGK), 2000 U.S. Dist. LEXIS 3686, at *19 (S.D.N.Y. Mar. 23, 2000) (citation omitted).

To determine whether jurisdiction is proper under CPLR § 302(a)(1), the Court employs a two-part test, determining: (1) whether the defendant "transacted business" or entered into a contract to supply goods or services in New York, and if so, (2) whether the cause of action arises out of the defendant's New York activities. The first part of the test, the "transacting business" part, requires not regular and systematic activities with the state, but rather purposeful activity within the state that would result in minimum contacts with the forum state. *See McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967) (finding that there was no jurisdiction pursuant to CPLR § 302 because defendant's contacts were "infinitesimal" and not purposeful). Whether or not a defendant transacts business within the state depends significantly on the facts of each case. *See Rainbow Indus. Prods. v. Haybuster Mfg., Inc.*, 419 F. Supp. 543, 544 (E.D.N.Y. 1976) (dismissing complaint for lack of personal jurisdiction because the totality of the factors did not suggest that defendant was transacting business within New York pursuant to CPLR § 302). The court must examine the totality of the defendant's activities with the forum state. *See PaineWebber Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115, 118 (S.D.N.Y. 1990) (finding that Texas corporation's activities were

9

insufficient to meet the "transacting business" standard and that, even if they did, plaintiff's cause of action did not arise from the defendant's New York contacts). It is the nature and quality, not the amount, of New York contacts that determine whether there is jurisdiction under CPLR § 302(a). *Id.* at 119.

When a plaintiff invokes CPLR § 302(a)(1) to obtain jurisdiction over a defendant, New York courts generally consider the following factors: (1) whether the defendant has an ongoing relationship with a New York corporation, (2) whether the contract was negotiated or executed in New York, (3) whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract, and (4) whether there is a choice-of-law clause in any such contract. *See Associated Aviation Underwriters v. DAP Holding, N.V.*, No. 02 Civ. 7446 (HB), 2003 U.S. Dist. LEXIS 9125, at *9 (S.D.N.Y. May 31, 2003) (even though the defendant transacted business in New York, there was no jurisdiction pursuant to CPLR § 302 because there was no nexus between defendant's New York activities and plaintiff's alleged causes of action).

If the court determines that the defendant purposefully availed himself of the privilege of conducting business within New York, thus invoking the benefits and protections of the state, it must then determine whether there is a "direct, [*i.e.*, substantial] relationship between the cause of action and the in-state conduct." *Beacon Enters.*, 715 F.2d at 764 (internal quotations and citation omitted). New York courts interpret the so-called "nexus" test narrowly. *See Realuyo*, 2000 U.S. Dist. LEXIS 3686 at *19-20 (holding that New York lacked jurisdiction over a Philippine company which, through a director and twenty-percent shareholder (who was also a defendant), had

10

retained the plaintiff, a New York lawyer, to perform legal services unrelated to the cause of action at bar).

### A.    CPLR § 302 DOES NOT PROVIDE FOR PERSONAL JURISDICTION OVER A GUARANTOR WITHOUT MORE

Though a guarantor of a New York contract may have, depending upon the circumstances, entered into a contract to "supply goods or services in New York," New York courts generally decline to exercise jurisdiction pursuant to CPLR § 302(a)(1) over a guarantor based solely on executing a guaranty. *See Waldorf Assocs., Inc. v. Neville*, 141 Misc. 2d 150, 153 (N.Y. Sup. Ct. N.Y. County 1988) (finding that a financial guaranty of a loan payable in New York by a non-New York domiciliary did not constitute the supplying of goods and services within the state, and thereby, failed to create personal jurisdiction under CPLR § 302), *aff'd*, 155 A.D.2d 283 (1st Dep't 1989). *See, e.g., ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 60 (S.D.N.Y. 1999) (contractual requirement to send payments to New York is insufficient on its own to establish jurisdiction); *Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc.*, 2 F. Supp. 2d 470, 475 (S.D.N.Y. 1998) ("merely sending payment to New York is not sufficient to establish personal jurisdiction" under CPLR § 302(a)(1)).

"Where C guarantees that B will perform his contract with A, jurisdiction over B does not carry with it jurisdiction over C. Plaintiff must establish a basis of jurisdiction over each defendant." *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456, 460 (E.D.N.Y. 1986). In *Lemme*, the court ultimately held that there was personal jurisdiction over the guarantor, but only because it found that the guaranty adopted "each

11

and every term and condition of the Agreement" including a consent-to-jurisdiction

clause. *Id.*

**B.    THERE IS NO JURISDICTION OVER JEFFREY
PURSUANT TO CPLR § 302(A)(1)**

By virtue of signing the Guaranty, Jeffrey did not enter into a contract to

supply goods or services in New York. Jeffrey merely signed the Guaranty on behalf of

WHIP, which is not a party to the Agreement. "While the introductory paragraphs [of the

Agreement] indicate that WHM, WHF and WHIP were intended to benefit from the

services provided by Steel under the Agreement, and refer to WHIP's guaranty of

WHM's obligations under the Agreement, these provisions are insufficient to make

WHIP a party to the Agreement. Specifically, the first paragraph of the Agreement states

that it is between WHM and Steel... It is an employment agreement between Steel and

WHM only, and ... the duties and obligations specified under the Agreement are between

Steel and WHM." Jeffrey Aff., Exhibit B, p. 5. Since WHIP is not a party to the

Agreement, Jeffrey is not a party to the Agreement by virtue of signing the Guaranty.

In the event that the Court finds that Jeffrey did enter into a contract to

supply goods or services in New York, there is no jurisdiction over Jeffrey because there

is no substantial relationship between the Guaranty and Steel's causes of action. Steel

brings this action alleging that Defendants breached paragraph 3(b) of the Agreement.

Steel's claims would be exactly the same whether or not Jeffrey had signed the Guaranty

on behalf of WHIP. She alleges that Jeffrey and Providence owe her monies not because

Jeffrey signed the guaranty, but because, allegedly, paragraph 3(b) states that Steel may

receive compensation based upon referrals that she made to any company operated by a WHIP general partner.

*Wells Fargo Bank Minn., N.A. v. Computertraining.com, Inc.*, No. 04 CV 0982 (SHS), 2004 U.S. Dist. LEXIS 12911 (S.D.N.Y. July 9, 2004) is directly on point. In *Wells Fargo*, plaintiff, an assignee of a lessor, brought an action against defendants, the lessee and guarantor of the lease agreement at issue. Pursuant to the guaranty, the guarantor provided that he "jointly and severally, unconditionally guaranties the faithful and full performance by lessee of all terms and conditions of the lease." *Id.* at *12 (internal quotations omitted). The plaintiff sought to recover payments allegedly owed by the defendants for failure to make monthly payments in accordance to the lease agreement. The Court dismissed the case as to the guarantor, a Maryland domiciliary, because there was no "articulable nexus" between the plaintiff's cause of action and the Guaranty. Though the guaranty fully incorporated all conditions of the lease agreement, plaintiff's cause of action did not sufficiently relate to the guaranty for the court to exercise personal jurisdiction over the guarantor.

Though the Agreement contains a choice-of-law clause, Jeffrey is not bound to it because he was not a party to the Agreement. *See* Jeffrey Aff., Exhibit A, ¶ 7(a) (specifying that the Agreement shall be construed and interpreted according to New York law). In any event, it is well established that "a choice of law provision in a contract does not constitute a voluntary submission to personal jurisdiction in New York." *McShan v. Omega Louis Brandt Et Frere*, 536 F.2d 516, 518 (2d Cir. 1976) (holding that there was no personal jurisdiction over defendants, a foreign watch manufacturer and foreign provider of management services to the watch manufacturer,

13

even though there was a choice-of-law clause providing that the contract would be construed in accordance with and governed by New York law). *See Waldorf,* 141 Misc. 2d at 152 (a choice-of-law clause has nothing to do with choice of forum or consent to submit to litigation).

### C.    PROVIDENCE IS NOT SUBJECT TO JURISDICTION PURSUANT TO CPLR § 302(A)(1)

Providence does not transact any business in New York, or enter into contracts to supply goods or services in New York, that is related to Steel's causes of action.  Like Jeffrey, Providence is not a party to the Agreement, and thus, the Court cannot find that Providence entered into a "contract to supply goods or services" in New York or find that the Agreement's choice-of-law clause weighs in favor of New York jurisdiction.  Providence was not formed until 2004, nine years after Steel and WHM entered into the Agreement.  Accordingly, Providence could not have been a party to the Agreement.

### V.    NEW YORK'S EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS IS NOT REASONABLE

If the court finds that it has jurisdiction over the defendant, it must still ensure that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Diskin,* 537 F. Supp. at 880.  "Under this determination, the court examines: (1) the interest of the state in providing a forum to the plaintiff, (2) the interest of the state in regulating the activity involved, (3) the burden of defense in the forum on the defendant, (4) the relative burden of prosecution elsewhere on the plaintiff, (5) the extent to which the claim is related to the defendant's local activities, and (6) the

14

avoidance of a multiplicity of suits or conflicting adjudications. *Asahi Meta.*, 480 U.S. at 115 (holding that the exercise of personal jurisdiction over a Japanese manufacturer of car parts, just because the manufacturer knew that some of its parts would be used in cars sold in California, violated due process because the manufacturer did not purposefully avail itself of the privilege of conducting business within the state). Because no one factor is dispositive, the court must balance all of the factors. *Id.* Among the most important factors to consider are the interests of the forum and the relative convenience of the defendant in litigating in that forum. *See id.* at 113.

Pursuant to *Asahi*, this Court should dismiss the Complaint as against the Defendants because New York's exercise of personal jurisdiction over them would be unreasonable. Because the Defendants did not purposefully avail themselves of the benefits and privileges of doing business in New York, they had no notice that they would be subject to New York jurisdiction. Further, litigating in New York is inconvenient and burdensome for the defendants because they are Rhode Island domiciliaries. Additionally, New York has no interest in this case because neither Steel nor the Defendants are New York residents.

## VI.    IN THE ALTERNATIVE, DEFENDANTS MOVE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A).

Because personal jurisdiction over Defendants is lacking, Plaintiff's claims against Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, the Defendants move to transfer this action to the United States District Court for the District of Rhode Island "for the convenience of the parties and witnesses" and "in the interest of justice" pursuant to 28 U.S.C. § 1404(a). The court has broad

discretion to decide motions for transfer, which it determines on a case-by-case basis. *Bassali v. Johnson Controls, Inc.*, No. 06 CV 4149 (KMW), 2007 U.S. Dist. LEXIS 95143, at \*3 (S.D.N.Y. Jan. 1, 2007) (granting motion to transfer to the Western District of Michigan because the locus of the operative facts revealed that the case had, at best, a tenuous connection to the Southern District of New York).

   "In deciding a motion to transfer, the first step is ascertaining whether the case could have been brought in the movant's proposed district." *TSR Silicon Res., Inc. v. Broadway*, No. 06 Civ. 9419 (NRB), 2007 U.S. Dist. LEXIS 92121, at \*14 (S.D.N.Y. Dec. 14, 2007) (granting transfer from the Southern District of New York to the Central District of California because five of the seven § 1404(a) factors pointed to California). The court should then determine whether transfer is appropriate by evaluating a host of factors, including the plaintiff's choice of forum, the convenience of witnesses and the named parties, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, the comparative familiarity of each district with the governing law, judicial economy and interests of justice. *Id.* Courts generally consider the convenience of witnesses as "the most important factor in considering a § 1404(a) motion to transfer. *See Bassali*, 2007 U.S. Dist. LEXIS 95143, at \*3 (internal quotations and citations omitted).

   Based upon these factors, this Court should grant the Defendants' motion to transfer venue. The majority of the witnesses, such as Providence employees, reside in Rhode Island. Though Steel resides in Idaho, the Defendants are Rhode Island domiciliaries. Steel seeks access to documents that are under the control of Providence

and are located in Rhode Island.    Steel has considerable resources.    Steel is a sophisticated litigant who has had a successful career investing in mortgage markets. Because she has the means to litigate in New York even though she resides in Idaho, the Court should infer that she has the means to litigate in Rhode Island.    Though Steel asserts a violation of New York labor law, her case is primarily based upon an alleged breach of contract. Rhode Island courts are well equipped to handle the causes of action asserted by Steel. Though the Agreement does provide for the application of New York law, neither Jeffery nor Providence is a party to the Agreement.    Therefore, they are not bound by the choice-of-law clause.

Further, if the Court was to find that there is personal jurisdiction over one of the Defendants but not the other, it should grant the Defendants' motion to transfer in the interest of judicial economy. Steel can litigate her claims against both Defendants in Rhode Island, instead of having to possibly pursue two lawsuits – one in New York and one in Rhode Island.

17

## VII.  CONCLUSION

For all of the foregoing reasons, the Complaint filed by plaintiff Kimberly Steel should be dismissed in its entirety as against defendants Russell Jeffrey and Providence Investment Management, LLC pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  In the alternative, the Court should grant the Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

Dated:  May 13, 2008
New York, New York

DAVIS & GILBERT LLP

Miles A. Baum (mbaum@dglaw.com)
Neal H. Klausner (nklausner@dglaw.com)
1740 Broadway
New York, New York 10019
Tel: 212-468-4800
Fax: 212-468-4880

18