UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIMBERLY STEEL,

                                                Plaintiff,

                     -against-

WATCH HILL MANAGEMENT CORP.,
WATCH HILL INVESTMENT PARTNERS L.P.,
PROVIDENCE INVESTMENT MANAGEMENT, LLC
AND RUSSELL JEFFREY,

                                       Defendants.
------------------------------------------------------------------X

CASE NO.
08-CV-01698 (GBD)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PROVIDENCE INVESTMENT MANAGEMENT, LLC AND DEFENDANT RUSSELL JEFFREY'S MOTION TO DISMISS OR TO TRANSFER VENUE

**SNOW BECKER KRAUSS P.C.**
Attorneys for Plaintiff
605 Third Avenue
New York, New York 10158-0125
(212) 687-3860

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………..i

TABLE OF AUTHORITIES…………………………………………………..iii

PRELIMINARY STATEMENT…………………………………………………1

STATEMENT OF FACTS………………………………………………………3

ARGUMENT……………………………………………………………………3

      POINT I
      PROVIDENCE AND JEFFREY WAIVED THEIR RIGHT TO DISPUTE
      PERSONAL JURISDICTION AND VENUE……………………………3

      POINT II
      THIS COURT HAS GENERAL JURISDICTION OVER DEFENDANTS
      PROVIDENCE AND JEFFREY PURSUANT TO CPLR § 301………………4

      POINT III
      THIS COURT HAS SPECIFIC JURISDICTION OVER DEFENDANT
      PROVIDENCE AND JEFFREY PURSUANT TO CPLR § 302………………8

      POINT IV
      NEW YORK'S EXERCISE OF PERSONAL JURISDICTION OVER THE
      DEFENDANTS WOULD NOT CONTRAVENE THE TRADITIONAL
      NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE IMPOSED BY
      THE DUE PROCESS CLAUSE………………………………………10

            A.    Burden on the Defendant……………………………12

            B.    Forum State's Interest in Adjudicating Dispute…………………12

            C.    Plaintiff's Interest in Obtaining Relief……………………13

            D.    Judicial System's Interest in Efficiency…………………13

            E.    Shared Interest of the Several States…………………14

      POINT V
      THIS COURT IS THE APPROPRIATE VENUE FOR THIS ACTION………14

            A.    Convenience of the Witnesses……………………………16

            B.    Convenience of the Parties………………………………16

C.    The Location of Relevant Documents...............................17

D.    Locus of Operative Facts..............................................17

E.    Availability of Process to Compel Attendance of Unwilling
      Witnesses...........................................................18

F.    Relative Means of Parties............................................18

G.    Comparative Familiarity of Each District With
      Governing Law.......................................................18

H.    Weight Accorded to Plaintiff's Choice of Forum...................18

CONCLUSION...................................................................20

## TABLE OF AUTHORITIES

**CASES**

*Akro Corp. v. Luker,*
    45 F.3d, 1541 (Fed. Cir. 1995)...................................................................... 11

*Aquascutum of London, Inc. v. SS. Am. Champion,*
    426 F.2d 205 (2d Cir.1970)............................................................................ 6

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.,*
    40 U.S. 102 (1987)......................................................................................... 11

*Associated Aviation Underwriters v. DAP Holding, N.V.,*
    2003 WL 21277148 (S.D.N.Y. May 31, 2003)............................................... 9

*Ball v. Metallurgie Hoboken-Overpelt, S.A.,*
    902 F.2d 194 (2d. Cir. 1990)........................................................................... 5

*Bassali v. Johnson Controls, Inc.*
    2007 U.S. Dist. LEXIS 95143 (S.D.N.Y. Jan. 1, 2007)................................. 15

*Chamberlain v. Peak,*
    155 A.D.2d 768, 547 N.Y.S.2d 706 (3d Dep't 1989).................................... 8

*Cooper v. Greyhound Lines, Inc.,*
    1994 U.S. Dist. LEXIS 17894 (S.D.N.Y. Dec. 14, 1994).............................. 5

*CutCo Indus., Inc. v. Naughton,*
    806 F.2d 361 (2d Cir. 1986)............................................................................ 4

*Dwyer v. General Motors Corp.,*
    853 F.Supp. 690 (S.D.N.Y. 1994)................................................................... 18

*Fry v. Village of Tarrytown,*
    89 N.Y.2d 714, 658 N.Y.S.2d 205, 680 N.E.2d 578 (1997)........................... 3

*Grill v. Walt Disney Co.,*
    683 F.Supp. 66 (S.D.N.Y.1988)...................................................................... 6

*Helicopteros Nacionales de Colombia v. Hall,*
    466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). ................................ 4

*Herbert Ltd. P'ship v. Elec. Arts, Inc.,*
    325 F.Supp.2d 282 (S.D.N.Y. 2004)............................................................... 16

*Hershman v. Unumprovident Corp.*,
    2007 WL 1217271 (S.D.N.Y. April 25, 2007)........................................................ 14

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
    763 F.2d 55 (2d Cir.1985)........................................................................................ 5

*Hypoxico, Inc. v. Colorado Altitude Training LLC*,
    2003 WL 21649437 (S.D.N.Y. 2003) ...................................................................... 11

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S.Ct. 154 (1945) .......................................................................... 10

*In re Magnetic Audiotape Antitrust Litigation*
    *334 F.3d 204 (2d. Cir. 2003)* ................................................................................... 5

*Johnson v. Ward*,
    4 N.Y.3d 516, 797 N.Y.S.2d 33, 829 N.E.2d 1201 (2005) ...................................... 9

*Kernan v. Kurz-Hastings, Inc.*,
    175 F.3d 236 (2nd Cir. 1999) .................................................................................. 13

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988) ...................................... 8

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
    918 F.2d 1039 (2d Cir.1990).................................................................................... 5

*Laufer v. Ostrow*,
    55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (N.Y.1982)............................ 5

*Laumann Mfg. Corp. v. Castings USA*,
    913 F.Supp. 712 (E.D.N.Y.1996)........................................................................... 15

*Maersk, Inc. v. Neewra, Inc.*,
    2008 WL 929481 (S.D.N.Y. March 27, 2008)........................................................ 11

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2nd Cir. 1996) .................................................................................... 12

*Milliken v. Meyer*,
    311 U.S. 457, 61 S.Ct. 339 (1940).......................................................................... 10

*Mohr v. Raymond Intern*,
    337 F.Supp. 105 (S.D.N.Y. 1972)............................................................................ 3

iv

*National Union Fire Insurance Co. of Pittsburgh v. BP Amoco P.L.C.,*
    319 F.Supp.2d 352 (S.D.N.Y. 2004)................................................10-11

*PDK Labs, Inc. v. Proactive Labs, Inc.,*
    325 F.Supp.2d 176 (E.D.N.Y. 2004).....................................................15

*RX USA International, Inc. v. Superior Pharmaceutical Co.,*
    2005 WL 3333843 (E.D.N.Y. Dec. 7, 2005) ..................................12, 13

*Schnabel v. Ramsey Quantitative Sys., Inc.,*
    322 F.Supp.2d 505 (S.D.N.Y. 2004).....................................................16

*Tauza v. Susquehanna Coal Co.,*
    220 N.Y. 259, 115 N.E. 915 (N.Y.1917)..................................................5

**STATUTES**

N.Y. CPLR § 301 ........................................................................................4, 5

N.Y. CPLR § 302 .....................................................................................4, 8-9

N.Y.C.P.L.R. § 3211(e)..................................................................................3

28 U.S.C. § 1391.....................................................................................14-15

28 U.S.C. § 1404(a).....................................................................................14

Plaintiff Kimberly Steel ("Steel" or "Plaintiff"), by her attorneys Snow Becker Krauss P.C., respectfully submit this memorandum of law in opposition to Defendant Providence Investment Management, LLC ("Providence") and Defendant Russell Jeffrey's ("Jeffrey")(collectively, the "Movants") Motion to Dismiss the Complaint alleging lack of personal jurisdiction or, in the alternative, to transfer the venue to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

<u>PRELIMINARY STATEMENT</u>

As is clearly demonstrated in this Brief and in the accompanying Plaintiff's Affidavit, this Court is the appropriate forum for this litigation pursuant to CPLR § 301 and § 302. CPLR § 301 provides this Court with general personal jurisdiction over a defendant who is engaged in the continuous and systematic course of doing business in New York. Pursuant to CPLR § 301, this Court has general personal jurisdiction over the Movants because of their substantial business contacts with New York. Providence, which has at least one employee (the second most senior officer) living and working in New York, conducts continuous, regular and systematic business in New York with New York contacts. A number of Providence's clients are residents of New York. Moreover, Providence transacts most of its business in New York. Similarly, Jeffrey, as the C.E.O. and Chief Investor of Providence, conducts most of his business in New York with counter-parties that are New York companies and clientele that are residents of this State.

CPLR § 302 provides this Court with specific personal jurisdiction over a defendant who transacts business in this State where there is an articulable nexus between the transacted business and the asserted claim. This Court has specific personal

jurisdiction over Providence and Jeffrey because there is a nexus between their New York business and this action. Plaintiff is suing Providence and Jeffrey for money that is owed to her for work she did while living in New York City attracting investors, who include New York residents, to their hedge fund business.

Subjecting Providence and Jeffrey to this Court's jurisdiction also comports with traditional notions of fair play and substantial justice imposed by the due process clause. The burden on Providence and Jeffrey to litigate this matter in New York is not substantial. New York has a definable interest in litigating this matter in its own courts because New York residents entered into the contract in New York, it has a New York choice of law provision, and it heavily involves the New York securities market. Furthermore, it is most efficient to resolve this litigation in New York because the majority of likely witnesses in this action are New York residents.

Alternatively, this action should not be transferred to the District Court of Rhode Island, primarily because it will be more convenient to the witnesses, a majority of whom will be New York residents, to litigate this matter in New York. Furthermore, consideration to the convenience of the parties, the location of the relevant documents, the locus of operative facts, the relative means of the parties, strongly suggest that Plaintiff's choice of forum in this action should be afforded deference.

2

## STATEMENT OF FACTS

As stated in greater detail in Plaintiff's Affidavit, Providence and Jeffrey have substantial contacts with New York. Movants have an employee who maintains an office in New York; their attorneys and auditors are located in New York; a number of their client investors are New York residents; and, most importantly, their business is conducted with New York Companies in the New York markets.

### ARGUMENT

#### POINT I

#### PROVIDENCE AND JEFFREY WAIVED THEIR RIGHT TO DISPUTE PERSONAL JURISDICTION AND VENUE

Providence and Jeffrey waived any objections they had to personal jurisdiction and venue by making a general appearance to argue their Motion to Stay the Arbitration commenced by Plaintiff in New York State Supreme Court, New York County. Under the CPLR, "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection" based on lack of personal jurisdiction is raised. Thus, it has always been and still remains the rule that service of process can be waived by respondent simply by appearing in the proceeding and submitting to the court's jurisdiction. C.P.L.R. § 3211(e)(stating that objections to personal jurisdiction are waived if not made by motion before filing a responsive pleading, or in the pleading itself). *Fry v. Village of Tarrytown*, 89 N.Y.2d 714, 720, 658 N.Y.S.2d 205, 680 N.E.2d 578 (1997) (citing C.P.L.R. § 320(b)). Similarly, objections to venue are waived when defendants make a general appearance without raising an objection. *Mohr v. Raymond Intern*, 337 F.Supp. 105 (S.D.N.Y. 1972).

As required in the Employment Agreement from which this action arose, Plaintiff initially commenced this action by a Demand for Arbitration before the American Arbitration Association. Providence and Jeffrey brought an action in the New York State Supreme Court to stay the arbitration. Significantly, Providence and Jeffrey chose the forum of New York County, New York, not Rhode Island, to file their Order to Show Cause to Stay Arbitration and did not reserve the right to object to New York as the proper jurisdiction or venue for this litigation. Clearly, they made a general appearance in that action and failed to assert or in anyway preserve an objection to personal jurisdictions and venue. Therefore, Movants have waived any claim of lack of personal jurisdiction and/or improper venue.

## POINT II

### THIS COURT HAS GENERAL JURISDICTION OVER DEFENDANTS PROVIDENCE AND JEFFREY PURSUANT TO CPLR § 301

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Pursuant to N.Y. CPLR § 301, a court can exercise general jurisdiction even if plaintiff's claim did not arise out of defendant's contacts with the forum state, if defendant's contacts are substantial. Under N.Y. CPLR § 302, for specific personal jurisdiction to exist, defendant's contacts with the forum state need not be as substantial, but plaintiff's claim must arise out of the contacts. Where no jurisdictional discovery has been conducted, allegations of jurisdictional fact must be construed in the light most favorable to the plaintiff. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986), and the motion must be denied if those

4

allegations suffice as a matter of law. *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d. Cir. 2003).

New York law governs personal jurisdiction over non-domiciliaries in a diversity action brought in a court sitting in New York. *Cooper v. Greyhound Lines, Inc.*, 1994 U.S. Dist. LEXIS 17894, at *2 (S.D.N.Y. Dec. 14, 1994). CPLR § 301 is New York's general personal jurisdiction statute, and it confers general personal jurisdiction over a non-domiciliary and/or a foreign corporation where it "is engaged in such a continuous and systematic course of "doing business" [in New York] as to warrant a finding of its "presence" in the jurisdiction." *Cooper*, 1994 U.S. Dist. LEXIS 17894, at *2 (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990)). To be continuous and systematic, the defendant must "be present in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990)(quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (N.Y.1917)). This test is "necessarily fact sensitive", and in determining whether there is jurisdiction, New York courts have generally looked at factors such as "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Id.* (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985)).

While "solicitation of business alone will not justify a finding of corporate presence," *Landoil*, 918 F.2d at 1043 (quoting *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 434 N.E.2d 692, 694 (N.Y.1982)), it will be enough if the solicitation is substantial and continuous and the defendant engages in other activities of substance in

the state. *Id.* at 1043-44. "[T]he additional activities sufficient to confer jurisdiction under the solicitation plus doctrine have involved either some financial or commercial dealings in New York ... or the defendant holding himself out as operating in New York, either personally or through an agent." *Grill v. Walt Disney Co.*, 683 F.Supp. 66, 69 (S.D.N.Y.1988)(quoting *Aquascutum of London, Inc. v. SS. Am. Champion*, 426 F.2d 205, 212 (2d Cir.1970)).

Defendant Providence argues that it is not subject to the personal jurisdiction of this Court under CPLR § 301 because it does not engaged in the continuous and systematic course of doing business in New York. However, Providence's promotional material, attached to Plaintiff's Affidavit as Exhibit 1, contradicts its argument. Pages 9 and 10 of the promotional material list Providence's "Prime Broker" (the brokerage firm that clears it trade) as Bear Stearns, which is a New York securities firm. Page 9 further states that the "Approved Counterparties", to wit the companies that Providence primarily transacts business with, include Citibank, Goldman Sachs, JP Morgan, Lehman Brothers, Merill Lynch, Morgan Stanley, Washington Mutual and several other New York based security institutions.

Providence's promotional literature also lists the New York law firm of Kleinberg, Kaplan, Wolf & Cohen as its legal representative. The firm's only office is at 551 Fifth Avenue, New York, New York and, although all of the thirty-seven attorneys in that firm are admitted in New York, none are admitted to practice in Rhode Island. Additionally, Providence's promotional literature lists the accounting firm of Lipsky Goldkin as its "Auditors". Lipsky Goldkin's only office is in New York.

Page 14 of Providence's promotional material lists Raymond Yu, the former associate portfolio manager of Watch Hill, as the company's Portfolio Manager. Mr. Yu resides in Oyster Bay, New York, and he lists a New York telephone number as his office number. When a telephone call was made to the Providence Rhode Island office asking to speak to Mr. Yu, the person answering stated that he was working at his New York office and can be reached at his New York telephone number. Andrew Ho, a New York Resident, and his companies are Steel Referred Limited Partners who were solicited by Jeffrey and/or agreed to invest in Providence. Ho's companies are one of, if not, the largest investors in Providence, having invested at least $60,000,000 in Providence funds. In fact, a number of the Steel Referred Limited Partners that may have invested with Providence funds are residents of New York.

Jeffrey is the CEO and Chief Investment Strategist of Providence. Therefore, he is similarly engaged in the continuous and systematic course of doing business in New York. Furthermore, Jeffrey has an additional substantial contact with New York, which he fails to advise this Court about. Jeffrey is the Senior Vice President and Chief Investment Officer for American Capital Agency Corporation, Vice President of American Capital Agency Management, LLC, and Senior Vice President and Managing Director of American Capital. Mr. Yu, in addition to being the head Portfolio Manager of Providence, is a Vice President and Managing Director of American Capital. American Capital has offices in New York and Maryland and does not have an office in Rhode Island. On February 11, 2008, American Capital Agency Corp. filed an offering for a $400,000,000 REIT that is to be managed by an investment team headed by Jeffrey and

includes Yu. The Underwriters for this Offering are Citigroup Global Markets and

Merrill Lynch & Co., two New York securities firms.

It is worth noting, that the Mortgage Backed Securities business was started in

New York and virtually all trading is done through New York securities firms.

Therefore, the very nature of Providence and Jeffrey's business requires them to engage

in continuous and substantial contacts with New York. Providence and Jeffrey are able

to conduct their business from Providence, Rhode Island and Oyster Bay, New York,

with little concern about their actual physical location because most of their business is

handled over the telephone, the internet, overnight delivery and U.S. Mail.

From the foregoing, it is clear that both Jeffrey and Providence conduct virtually

all of their business and enter into contracts for their funds in New York and within this

judicial district.

POINT III

THIS COURT HAS SPECIFIC JURISDICTION OVER DEFENDANT
PROVIDENCE AND DEFENDANT JEFFREY PURSUANT TO CPLR § 302

CPLR § 302 is New York's specific personal jurisdiction statute. Section 302(a)

provides, in relevant part:

> As to a cause of action arising from any of the acts enumerated in this
> section, a court may exercise personal jurisdiction over any
> nondomiciliary ... who in person or through an agent: (1) transacts any
> business within the state ....

CPLR § 302(a)(1) requires an articulable nexus or a substantial relationship between the

New York activity, business or transaction and the asserted claim and injury," in order for

the Court to obtain jurisdiction. *Chamberlain v. Peak*, 155 A.D.2d 768, 769, 547

N.Y.S.2d 706, 707 (3d Dep't 1989); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460,

8

467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988). A connection that is "merely coincidental" is insufficient to support jurisdiction. *Johnson v. Ward*, 4 N.Y.3d 516, 520, 797 N.Y.S.2d 33, 829 N.E.2d 1201 (2005). The criteria are fact-specific and when the connection between the parties' activities in New York and the claim crosses the line from "substantially related" to "mere coincidence" is not always self-evident. New York courts generally consider the following factors when determining whether CPLR § 302(a)(1) is satisfied: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York entity, the defendant visited New York for meetings devoted to the contractual relationship; (3) what the choice of law clause (if any) is in the contract; and (4) whether the contract requires defendant to send notices and payments into New York, or subjects defendant to supervision by the plaintiff corporation in New York. *Associated Aviation Underwriters v. DAP Holding, N.V.*, 2003 WL 21277148 (S.D.N.Y. May 31, 2003).

Plaintiff's cause of action certainly arises from the Providence and Jeffrey's contacts with New York. Stated simply, Plaintiff is suing Movants for bonus payments owed to her pursuant to her employment agreement for the continued investments of Steel Referred Limited Partners into funds in which Providence and Jeffrey operate. After Jeffrey left Watch Hill to form Providence, many of the Steel Referred Limited Partners invested in Providence, but Providence and Jeffrey has failed and refused to pay the bonus to Plaintiff, which has prompted this suit. Unquestionably, there is a nexus between Plaintiff's cause of action and Providence and Jeffrey's contacts with New York.

Moreover, present in this case are all of the elements that a court should consider when determining whether CPLR § 302(a)(1) is satisfied. Movants have an ongoing relationship with New York companies. First, as Plaintiff states in Point I of its brief, Movants continue to conduct much of their business in New York and continue to receive investments and/or utilize funds from Steel Referred Limited Partners, who are largely New York based investors. Second, the Employment Agreement, which was entered into in 1995 and is the basis of this suit, was negotiated exclusively in New York, when Plaintiff and Defendants were New York residents, and Jeffrey continued to be a fifty (50%) percent owner at Watch Hill, a New York Corporation, until 2002. Third, by virtue of using Bear Stearns as its Prime Broker, all of the transactions and flow of funds in Providence and Jeffrey's management of hundreds of millions of dollars of funds occur by wire transfer and the settlement of funds through New York institutions. Fourth, the choice of law clause for the Employment Agreement is New York. Fifth, the Employment Agreement requires disputes to be resolved in New York, New York.

POINT IV

NEW YORK'S EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS WOULD NOT CONTRAVENE THE TRADITIONAL NOTIONS OF FAIR PLAY AND SUSBTANTIAL JUSTICE IMPOSED BY THE DUE PROCESS CLAUSE

The strictures of the Due Process Clause forbid a court to exercise personal jurisdiction over a prospective plaintiff under circumstances that would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154,158 (1945)(quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940)). Therefore, a court must only assert its jurisdiction when it is "reasonable and fair" to do so. *National Union Fire Insurance*

*Co. of Pittsburgh v. BP Amoco P.L.C.*, 319 F.Supp.2d 352, 366 (S.D.N.Y. 2004). In order to make this determination, the court must evaluate a number of factors": 1) the burden on the defendant, 2) the interests of the forum State, 3) the plaintiff's interest in obtaining relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several States in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 40 U.S. 102, 113 (1987).

Courts should find the assertion of jurisdiction unconstitutional in only rare circumstances. *Hypoxico, Inc. v. Colorado Altitude Training LLC*, 2003 WL 21649437 at *6 (S.D.N.Y. 2003). As a Federal Circuit Court of Appeals has explained, "such defeats of otherwise constitutional personal jurisdiction are limited to the rare situations in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation in the forum. *Id.* at *7 (citing *Akro Corp. v. Luker*, 45 F.3d, 1541, 1549 (Fed. Cir. 1995)). Where a plaintiff makes a threshold showing of minimum contacts, a defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Maersk, Inc. v. Neewra, Inc.*, 2008 WL 929481, *17-18 (S.D.N.Y. March 27, 2008). Providence and Jeffrey have not presented a compelling case to challenge this Court's jurisdiction. Furthermore, this Court's jurisdiction is eminently reasonable and certainly comports with the traditional notions of fair play and substantial justice imposed by the due process clause.

A.    Burden on the Defendant

In *RX USA International, Inc. v. Superior Pharmaceutical Co.*, 2005 WL

3333843 (E.D.N.Y. Dec. 7, 2005), two of the numerous defendants in the action filed a

motion to dismiss for lack of personal jurisdiction. The defendants were a law firm and

an accounting firm, both headquartered in Massachusetts with many multinational

clients located around the country, including New York. In evaluating the

reasonableness of subjecting the defendants to personal jurisdiction in New York, the

Court held that the burden on the defendants was not severe because "the conveniences

of modern communication and transportation ease what would have been a serious

burden only a few decades ago" (citing *Metropolitan Life Ins. Co. v. Robertson-Ceco*

*Corp.*, 84 F.3d 560, 574 (2nd Cir. 1996)). Furthermore, the defendants were "further

eased because Boston and New York are in the same region and easily traversed" and

"both [d]efendants have boasted of their national client base" so "they are likely

accustomed to working outside Massachusetts." *Id.* at * 7.

Providence and Jeffrey are unlikely to be burdened by litigating this matter in

New York. New York and Rhode Island are in the same region and the distance

between them, which is approximately 200 miles, is easily traversed, as it was in the *RX*

*USA* case. Furthermore, like the Boston-based defendants in the *RX USA* case, the

Movants here boast of their New York-based business relationships, which means that

they are accustomed to working outside of Rhode Island.

B.    Forum State's Interest in Adjudicating the Dispute

New York has a strong interest in resolving this matter because it involves a

contract that is governed by New York law, which was entered into in New York,

between New York residents. Furthermore, the industry involved here is centered in New York and involves the business dealings of many New York resident corporations.

C.    Plaintiff's Interest in Obtaining Relief

In *RX USA*, the court held that the plaintiff had a strong interest in obtaining convenient and effective relief in New York because of the substantial inconvenience that would be associated with brining the action elsewhere against the two defendants. According to the court, "if [the plaintiff] could not bring the case in this state, it would have to bring a separate action against the defendants at great cost...[f]urthermore, if liability were apportioned against [the two defendants] in a separate action, there might be conflicting judgments." *RX USA*, 2005 WL 3333843, at *7.

Similarly, Plaintiff here has a strong interest in pursuing this action in New York. If Plaintiff cannot bring this action in New York, it would have to bring a separate action against the Defendants at great cost. It should be noted that the two Watch Hill defendants continue to be domiciled solely in New York. Furthermore, the possibility of conflicting judgments, as was the case in *RX USA*, would be present here as well. In the interest of obtaining effective and convenient relief, New York must be treated as the forum for this case.

D.    Judicial System's Interest in Obtaining Efficient Resolution

In evaluating whether extending personal jurisdiction will result in the efficient administration of justice, courts will "generally consider where witnesses and evidence are likely to be located." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 245 (2nd Cir. 1999).

The "efficient administration of justice" factor clearly weighs in Plaintiff's favor. This case basically involves a dispute over the bonus payments owed to Plaintiff for introducing investors to the Movants. Many of these investors are residents of New York and their testimony will be an integral part of Plaintiff's case. Furthermore, the Movants Prime Broker, Counter-Parties, and Contra brokers are all in New York.

E.    Shared Interest of the Several States

Providence and Jeffrey have not put forth policies that would be furthered or undermined by permitting this case to go forward in New York, nor do such policies exist, other than the general interests of the proposed forum state already mentioned. Therefore, this factor does not require consideration by this Court.

POINT V

THIS COURT IS THE APPROPRIATE VENUE FOR THIS ACTION

Defendants Motion this Court, in the alternative, pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Rhode Island for the convenience of the parties and the witnesses and in the interest in justice. To meet this burden, the moving party must establish that the action could be brought in the proposed transferee forum and that the transfer promotes convenience and justice. *Hershman v. Unumprovident Corp.*, 2007 WL 1217271 (S.D.N.Y. April 25, 2007).

28 U.S.C. § 1391(a) provides, in pertinent part:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State ..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

14

Defendant Watch Hill Management Corp. and Defendant Watch Hill Investment Partners L.P. are residents of New York. Furthermore, section 28 U.S.C. § 1391(c) states that, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Thus, "section 1391(c) equates jurisdiction with venue ... for corporate defendants." *PDK Labs, Inc. v. Proactive Labs, Inc.*, 325 F.Supp.2d 176, 182 (E.D.N.Y.2004) (quoting *Laumann Mfg. Corp. v. Castings USA*, 913 F.Supp. 712, 719 (E.D.N.Y.1996)). Defendants have not offered any evidence that Rhode Island would have personal jurisdiction over Defendant Watch Hill Management Corp. and Defendant Watch Hill Investment Partners L.P, so that they could be considered residents of Rhode Island for transfer of venue purposes. Conversely, Plaintiffs has offered ample evidence that Defendants are subject to this Court's personal jurisdiction and, hence, reside in New York for the purpose of determining venue.

Furthermore, a transfer of this action to Rhode Island would not promote convenience or justice. To determine whether a transfer promotes convenience and justice, courts consider a host of factors, including the plaintiff's choice of forum, the convenience of witnesses and the named parties, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, the availability of process to compel the attendance of the unwilling witness, the relative means of the parties, the comparative familiarity of each district with the governing law, judicial economy and the interests of justice. *Bassali v. Johnson Controls, Inc.* 2007 U.S. Dist. LEXIS 95143, at *3 (S.D.N.Y. Jan. 1, 2007).

A.    Convenience of the Witnesses

Courts generally consider the convenience of witnesses as the most important

factor in considering a motion to transfer venue. *Herbert Ltd. P'ship v. Elec. Arts, Inc.*,

325 F.Supp.2d 282, 286 (S.D.N.Y. 2004). The convenience of non-party witnesses

generally carries more weight than the convenience of party witnesses. *Id.* at 286.

This action is about the breach of a contract. Defendants agreed to compensate

Plaintiff into perpetuity for investments in their funds by Referred Limited Partners that

Plaintiff attracted. Therefore, a majority of the witnesses that will be called to testify will

be the Steel Referred Limited Partners, not, as the Defendants contends, the Providence

employees. A number of the Steel Referred Limited Partners reside in New York.

Furthermore, Defendant Watch Hill Management Corp. and Defendant Watch Hill

Investment Partners L.P. and all of their officers, documents and records are in New

York. The Watch Hill defendants have their exclusive contacts in New York, while

Providence and Jeffrey have contacts in both New York and Rhode Island. Clearly,

litigating this case in New York would be more convenient than Rhode Island to a

majority of the witnesses likely to be called to testify in this action.

B.    Convenience of the Parties

The convenience of the parties is neutral if it merely shifts the burden of

inconvenience to the other party. *Schnabel v. Ramsey Quantitative Sys., Inc.*, 322

F.Supp.2d 505, 516 (S.D.N.Y. 2004).

In this case, Plaintiff is a resident of Idaho, Defendant Watch Hill Management

Corp. and Defendant Watch Hill Investment Partners L.P. are residents of New York, and

Defendants Providence and Jeffrey argue that they are residents of Rhode Island. If

Plaintiff had to litigate this matter in Rhode Island, it would have to find new counsel or at least have local counsel and its current counsel seek admission pro hac vice to the Rhode Island federal courts. Furthermore, she would have to arrange to have most of her witnesses, who currently reside in New York, go to Rhode Island for a trial. Furthermore, Defendant Watch Hill Management Corp. and Defendant Watch Hill Investment Partners L.P. would be similarly inconvenienced. There is no evidence that Plaintiff was forum shopping when she selected New York as the appropriate forum. She was merely complying with the choice of law provision in the Employment Agreement, which provides that all disputes would be litigated in New York, pursuant to New York law.

C.    The Location of Relevant Documents

This action is not likely to require the production of a substantial volume of documents. Furthermore, the most pertinent records, which are the records that establish an investor as a Steel Refered Limited Partner as well as Providence's records of client transactions done through its New York Prime Broker with its New York Contra brokers, are all located in New York.

D.    Locus of the Operative Facts

New York was the locus of operative facts in this case. The Employment Agreement at issue in this case was entered into in New York, between New York residents and it requires the application of New York law. A number of the Referred Limited Partners that Plaintiff attracted to Defendants' funds are New York residents. Furthermore, the nature of the business of all of the parties involved in this case is Mortgage Backed Securities, which is a quintessential New York industry.

17

E.    Availability of Process to Compel Attendance of Unwilling Witnesses

The availability of process to compel attendance of unwilling witnesses is not a factor and there is no basis to claim that any witness will be unwilling to testify in New York. In fact, the non-party witnesses are mainly in New York.

F.    Relative Means of Parties

Defendants comment on the relative means of Plaintiff, but state nothing about their own means. Providence and Jeffrey manage hundreds of millions of dollars through REIT and various hedge fund vehicles for which annual management fees alone total millions of dollars. It will certainly not be onerous for them to litigate this action in New York. Furthermore, head Portfolio Manager of Providence, Mr. Yu, is a New York resident and works out of his New York home/office.

G.    Comparative Familiarity of Each District With Governing Law

The Rhode Island courts are capable of adjudicating this claim. However, the parties agreed to litigate any issues in New York applying New York law. New York is unequivocally the appropriate forum for this litigation.

H.    Weight Accorded to Plaintiff's Choice of Forum

A plaintiff's choice of forum is ordinarily entitled to substantial consideration, especially when the chosen forum is either where the operative facts of the action occurred or is where the plaintiff's home is located. *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994). As stated above, the operative facts of this case occurred in New York. Therefore, Plaintiff's choice should receive deference.

Selecting New York as the forum for this litigation clearly promotes justice and convenience. New York is the most convenient forum for a majority of the witnesses.

18

New York is the situs of most of the operative facts in this case. New York is the residence of Defendant Watch Hill Management Corp. and Defendant Watch Hill Investment Partners L.P. The evidence also demonstrates that New York is the residence of Providence and Jeffrey, at least for the purposes of determining venue, since Providence and Jeffrey conduct a substantial part of their business in New York and Providence even operates in Oyster Bay, New York.

Furthermore, having this case heard in New York is certainly within the means of Defendants, and is the forum expressly provided for in the Employment Contract that is at issue here. For all of these reasons, Plaintiff's selection of New York as the appropriate forum for this litigation should be preserved.

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in the Affidavit of Kimberly Steel, Plaintiff respectfully requests that this Court deny in all respects Defendant Providence Investment Management, LLC and Defendant Russell Jeffrey's motion to dismiss this action on the basis of lack of personal jurisdiction or, in the alternative, to deny their request to transfer this action.

Dated: New York, New York
       May 27, 2008

                                  **SNOW BECKER KRAUSS P.C.**
                                  Attorneys for Plaintiff

                                  By: _____
                                        Michael H. Du Boff
                                        Paul C. Kurland
                                        Evangelos Michailidis
                         605 Third Avenue
                         New York, New York 10158-0125
                         (212) 687-3860