UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KIMBERLY STEEL,

        Plaintiff,

-against-

WATCH HILL MANAGEMENT CORP.,
WATCH HILL INVESTMENT PARTNERS L.P.,
PROVIDENCE INVESTMENT MANAGEMENT,
LLC and RUSSELL JEFFREY,

        Defendants.

Case No. 08-cv-01698 (GBD)

**AFFIDAVIT OF RUSSELL JEFFREY IN SUPPORT OF DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

---

STATE OF RHODE ISLAND   )
                                     ) ss.:
COUNTY OF PROVIDENCE    )

        RUSSELL JEFFREY, being duly sworn, deposes and says:

        I make this affidavit in response to plaintiff Kimberly Steel's ("Plaintiff" or "Steel") answering papers and in support of defendants' Providence Investment Management, LLC ("Providence") and Russell Jeffrey ("I" or "me") (collectively, "Defendants") motion to dismiss the Complaint against us, or in the alternative, to transfer venue to the United States District Court for the District of Rhode Island. I am fully familiar with the facts and circumstances set forth herein.

        1.     I was a General Partner of Watch Hill Investment Partners L.P. ("WHIP") when Plaintiff began working at Watch Hill Management Corp. ("WHM") in or about February of 1995.

2. However, as such, I was not personally a party to the Employment Agreement (the "Agreement") between Plaintiff and WHM, and I personally did not guaranty the Agreement. The Agreement was guaranteed by WHIP. As a general partner of WHIP, I signed a clause on behalf of WHIP below the Agreement that guaranteed "full and prompt payment of WHM's obligations to Plaintiff."

3. In or about December of 2001, I relinquished my partnership in WHIP. Subsequently, Providence was formed and launched its funds in 2004. Providence serves as the general partner/investment manager to a hedge fund that invests primarily in the mortgage-backed securities market.

4. Providence clearly was not a party to the Agreement because it was not in existence in 1995.

5. Providence is a Delaware limited liability company that maintains its principal place of business at 76 Westminister Street, The Turks Head Building, Suite 1400, Providence, Rhode Island, 02903.

6. I have been advised by counsel that New York courts do not have general jurisdiction over Providence, pursuant to New York Civil Practice Law and Rules ("CPLR") § 301. Providence does not regularly do business, or engage in a systematic and continuous course of doing business, in New York.

7. Providence does not pay New York taxes or maintain offices, bank accounts, employees or agents in New York.

8. Plaintiff's argument that Providence does business in New York due to the fact that Raymond Yu resides in New York, or has a home office from where he works, is baseless.

9. Mr. Yu is one of Providence's portfolio managers. He resides in Oyster Bay, New York, but Providence does not maintain an office at Mr. Yu's home address.

10. Mr. Yu pays both Rhode Island and New York taxes.

11. Providence does not receive mail or other materials at Mr. Yu's home address.

12. Providence does not list Mr. Yu's home address as one of its offices, and it does not pay New York state taxes on this property or on any other New York property. Providence's only office is located in Rhode Island.

13. Contrary to the Affidavit of Kimberly Steel in Opposition to Motion to Dismiss or Transfer Venue dated May 23, 2008 ("Plaintiff's Aff.") (*see* Plaintiff's Aff., ¶ 19(e)), Mr. Yu is not an officer of Providence.

14. Though Mr. Yu works out of his Oyster Bay, New York home for the latter part of the work week, nothing that he does is unique to New York, and Providence does not in this way avail itself of the privilege of doing business in New York.

15. The majority of Providence's investors are not New York residents or corporations. Investments from individuals or institutions based in the State of New York represent approximately nine (9) % of the total assets under Providence's management.

16. Andrew Ho, referred to in Plaintiff's Aff., ¶ 14, is a Senior Investment Officer at UBS Quantitative Investments LLC and, as such, is not an individual investor in Providence. Mr. Ho is not a Providence officer and is not a part of Providence. Mr. Ho works out of a Connecticut, not a New York, office.

17. Providence does not solicit clients pursuant to Rule 502(c) of Regulation D of the Securities Act of 1933, which specifies that "neither the [hedge fund] nor any person acting on its behalf shall offer or sell securities by any form of general solicitation or general advertising."

18. My attorneys have also advised me that New York courts do not have specific jurisdiction over Providence, pursuant to CPLR § 302. Providence has not transacted business in New York, or entered into a contract to supply goods or services in New York, that is the basis upon which Plaintiff makes her claim. Its minimum contacts within the State of New York do not relate to Plaintiff's claim.

19. Though I am an officer of American Capital Agency Corporation, I conduct all of my business related to American Capital Agency Corporation from Rhode Island.

20. Furthermore, my position at American Capital Agency Corporation is entirely unrelated to Steel's cause of action against Providence and myself.

21. My attorneys also advise me that New York courts do not have general jurisdiction over me, pursuant to CPLR § 301, because I do not regularly do business, or engage in a systematic and continuous course of doing business, in New York.

22. I do not have a New York office, bank account or property, and I do not pay taxes in New York.

23. My attorneys also advise me that New York courts do not have specific jurisdiction over me, pursuant to CPLR § 302, because I have not transacted business in New York, or entered into a contract to supply goods or services in New York, that is the basis upon which Plaintiff makes her claim.

24. Transferring Steel's lawsuit to the United States District Court for the District of Rhode Island promotes convenience and justice.

25. The majority of witnesses and relevant evidence is located in Rhode Island, within Providence's control.

26. Upon information and belief, WHM and WHIP are no longer operational and have not made an appearance in this lawsuit or answered the Complaint, and are technically in default.

27. Because neither WHM or WHIP has appeared in this action, and there is no reason to believe that either party will make an appearance, transferring venue to the United States District Court for the District of Rhode Island is not likely to result in two actions, one against Jeffrey and Providence in Rhode Island and one against WHM and WHIP in New York.

**WHEREFORE**, it is respectfully requested that Defendants Providence and Jeffrey's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) be granted, or in the alternative, that the Court transfer venue to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

_____
RUSSELL JEFFREY

Sworn to before me this
4th day of June, 2008

_____
Notary Public

Richmond M. Jeffrey
Term Expires: 4/30/2012
ID #: 53249