UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY STEEL,

        Plaintiff,

-against-

WATCH HILL MANAGEMENT CORP.,
WATCH HILL INVESTMENT PARTNERS L.P.,
PROVIDENCE INVESTMENT MANAGEMENT, LLC,
and RUSSELL JEFFREY,

        Defendants.

Case No. 08-cv-01698 (GBD)

**DEFENDANTS PROVIDENCE INVESTMENT MANAGEMENT, LLC
AND RUSSELL JEFFREY'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(2),
OR IN THE ALTERNATIVE, TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

DAVIS & GILBERT LLP
Miles A. Baum (mbaum@dglaw.com)
Neal H. Klausner (nklausner@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800
*Attorneys for defendants
Providence Investment Management, LLC and
Russell Jeffrey*

## **TABLE OF CONTENTS**

I.   ARGUMENT ...........................................................................................................1

      A.   PLAINTIFF FAILS TO SHOW THAT NEW YORK COURTS HAVE GENERAL JURISDICTION OVER PROVIDENCE. .............................................2

           1.   *PLAINTIFF MAKES NUMEROUS INACCURATE STATEMENTS CONCERNING PROVIDENCE'S EMPLOYMENT OF MR. YU.* ................2

           2.   *THE MAJORITY OF PROVIDENCE'S INVESTORS ARE NOT NEW YORK RESIDENTS AND/OR CORPORATIONS.* ........................3

           3.   *PLAINTIFF'S CLAIMS REGARDING ANDREW HO ARE INACCURATE.* ............................................................................................4

II.  PLAINTIFF FAILS TO ESTABLISH THAT NEW YORK COURTS HAVE GENERAL JURISDICTION OVER JEFFREY. ...........................................................5

III. NEITHER PROVIDENCE NOR JEFFREY DOES A GENERAL SOLICITATION OF CLIENTS, NEW YORK-BASED OR OTHERWISE .......................................... 5

IV.  PLAINTIFF IS BARRED FROM CLAIMING THAT DEFENDANTS ARE PARTIES TO THE EMPLOYMENT AGREEMENT (THE "AGREEMENT"); THUS, THE AGREEMENT'S CHOICE-OF-LAW PROVISION AND ARBITRATION VENUE PROVISION DO NOT APPLY TO DEFENDANTS. .......................................................6

V.   PLAINTIFF HAS FAILED TO SHOW THAT THERE IS SPECIFIC JURISDICTION OVER PROVIDENCE OR JEFFREY. ..............................................6

VI.  THE COURT SHOULD TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND. .................................................7

VII. DEFENDANTS DID NOT CONSENT TO NEW YORK JURISDICTION BY MOVING TO STAY ARBITRATION IN NEW YORK. ..................................................9

VIII. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439 (2d Cir. 1966) ...................... 8

*Bear, Sterns & Co., Inc. v. Ralph C. Wilson Indus.*, No. 91 Civ. 2223 (LMM), 1991 U.S. Dist. LEXIS 14419 (S.D.N.Y. Oct. 9, 1991) .................................................. 1

*Bush v. Stern Brothers & Co.*, 524 F. Supp. 12 (S.D.N.Y. 1981) ........................................ 3

*Clarke v. Fonix Corp.*, No. 98 Civ. 6116 (RPP), 1999 U.S. Dist. LEXIS 2143 (S.D.N.Y. Mar. 1, 1999), *aff'd*, 199 F.3d 1321 (2d Cir. 1999) ........................................ 3

*Comprehensive Care Corp. v. Bank of Tokyo Trust Co.*, No. 90 Civ. 4387 (MJL), 1991 U.S. Dist. LEXIS 10433 (S.D.N.Y. July 30, 1991) ........................................ 7, 8

*Landoil Resource Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039 (2d Cir. 1990) ........................................................................................................ 3

*Mohr v. Raymond International*, 337 F. Supp. 105 (S.D.N.Y. 1972) ................................ 10

*Nelson v. Mass. General Hospital*, No. 04-CV-5382 (CM), 2007 U.S. Dist. LEXIS 70455 (S.D.N.Y. Sept. 20, 2007) .................................................................. 4

*Pieczenik v. Dyax Corp.*, 00   2000 U.S. Dist. LEXIS 9533 (S.D.N.Y. July 10, 2000) .................................................................................................................. 1, 7

*Wibau, Westdeutsche Industrie und Strassenbaumachinenge-Sellschaft mbH v. American Hoist & Derrick Co.*, 293 F. Supp. 273 (S.D.N.Y. 1968) .............................. 8

## STATE CASES

*In Re Choi v. State of N. Y.*, 74 N.Y.2d 933 (1989) ............................................................ 6

*Fry v. Village of Tarrytown*, 89 N.Y.2d 714 (1997) .......................................................... 10

## FEDERAL STATUTES

28 U.S.C. § 1404(a) .................................................................................................... 1, 7, 10

Fed. R. Civ. P. 12(b)(2) .................................................................................................. 1, 10

## RULES AND REGULATIONS

SEC Rule 502 (c) ..................................................................................................................5

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2), defendants Providence Investment Management, LLC ("Providence") and Russell Jeffrey ("Jeffrey"), (together, the "Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint filed by plaintiff Kimberly Steel ("Steel" or "Plaintiff") for lack of personal jurisdiction, or in the alternative, to transfer venue to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

I.  **ARGUMENT**

Plaintiff fails to establish that either Providence or Jeffrey is "doing business" in New York pursuant to CPLR § 301. Because neither Providence nor Jeffrey engages in systematic or regular business activities in New York, New York courts do not have general jurisdiction over them. *See Bear, Sterns & Co., Inc. v. Ralph C. Wilson Indus.*, No. 91 Civ. 2223 (LMM), 1991 U.S. Dist. LEXIS 14419, at *11 (S.D.N.Y. Oct. 9, 1991) (no general jurisdiction because defendant did not carry on any systematic or regular business activities in New York with any fair measure of permanence or continuity). Plaintiff also fails to establish that New York courts have specific jurisdiction over Defendants because Plaintiff has not shown that Defendants are "transacting business" in New York, and that Defendants' New York contacts gave rise to Plaintiff's cause of action. *See Pieczenik v. Dyax Corp.*, 00 CV 243 (HB), 2000 U.S. Dist. LEXIS 9533, *12-13 (S.D.N.Y. July 10, 2000) (no specific jurisdiction because plaintiffs did not establish that defendant's New York contacts were in any way related to plaintiffs' claims). Accordingly, the Court should grant Defendants' motion to dismiss, or in the alternative, to transfer venue in the interest of convenience and justice.

### A. PLAINTIFF FAILS TO SHOW THAT NEW YORK COURTS HAVE GENERAL JURISDICTION OVER PROVIDENCE.

Plaintiff contends that there is general jurisdiction over Providence because, allegedly: (1) Providence's "second most senior officer" lives and works in New York, (*see* Affidavit of Kimberly Steel in Opposition to Motion to Dismiss or to Transfer Venue ("Plaintiff's Aff."), ¶ 19(e)); (2) a number of Providence clients are residents of New York; and (3) Providence transacts most of its business in New York through New York-based companies. However, (1) Raymond Yu ("Mr. Yu"), who Plaintiff refers to as "Providence's second most senior officer," is not an officer of Providence; (2) only a very small percentage of Providence's clients are New York-based; and (3) Providence transacts virtually all of its business from Rhode Island, and not from New York. Accordingly, Plaintiff has not demonstrated that there is general jurisdiction over Providence.

#### *1. PLAINTIFF MAKES NUMEROUS INACCURATE STATEMENTS CONCERNING PROVIDENCE'S EMPLOYMENT OF MR. YU.*

Plaintiff erroneously claims that there is general jurisdiction over Providence because, as alleged by Plaintiff, Mr. Yu is the "second most senior officer of Providence" and maintains a New York office. (*See* Plaintiff's Aff., ¶ 19(e)). While Mr. Yu is one of Providence's portfolio managers, he is <u>not</u> an officer of Providence, let alone Providence's second most senior officer. (*See* Affidavit of Russell Jeffrey in Support of Defendants' Reply Memorandum of Law in Further Support of their Motion to Dismiss, or in the alternative, to Transfer Venue ("Jeffrey Aff."), ¶¶ 9, 13).

Further, Plaintiff misleads the Court by suggesting that Providence maintains an office in Oyster Bay, New York simply because Mr. Yu works from his Oyster Bay, New York home address in the latter part of the week. (*See* Jeffrey Aff., ¶¶ 8-12). Significantly, Providence does

2

not receive mailings or inquires at this address, it does not list this address as an office and it does not pay New York state taxes on this address, or on any other New York address. (*See id.*, ¶¶ 11, 12). Additionally, though Mr. Yu works out of his New York home for the latter part of the week, nothing that he does is unique to New York, and Providence does not in this way avail itself of the privilege of doing business in New York. (*See id.*, ¶ 14).

### 2. *THE MAJORITY OF PROVIDENCE'S INVESTORS ARE NOT NEW YORK RESIDENTS AND/OR CORPORATIONS.*

Plaintiff asserts that "a substantial number of the Referred Limited Partners were residents of and/or had their companies in New York." (*See* Plaintiff's Aff., ¶ 15). In fact, a small percentage, approximately nine percent, of Providence's investors are New York residents and/or corporations. (*See* Jeffrey Aff., ¶ 15). Furthermore, while Plaintiff emphasizes in her opposition papers that there is general jurisdiction over Defendants because Providence conducts certain business with companies, such as Citibank, Goldman Sachs and JP Morgan that have a New York presence, (*see* Plaintiff's Aff., ¶ 19(b)), it is well-established law that a business relationship with a New York entity generally does not provide a sufficient basis for an assertion of general jurisdiction. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1046 (2d Cir. 1990).

There are numerous cases in which corporations that raised capital or maintained investments in New York were not deemed subject to general jurisdiction under CPLR § 301. *See Clarke v. Fonix Corp.*, No. 98 Civ. 6116 (RPP), 1999 U.S. Dist. LEXIS 2143, at *18-19 (S.D.N.Y. Mar. 1, 1999) (granting defendants' motion to dismiss for lack of jurisdiction because "[r]aising financing is not a form of 'doing business' for the purpose of § 301; if it were, then almost every company in the country would be subject to New York's jurisdiction."), *aff'd*, 199 F.3d 1321 (2d Cir. 1999); *Bush v. Stern Bros. & Co.*, 524 F. Supp. 12, 14 (S.D.N.Y. 1981)

3

("[t]he location in New York of firms, such as law firms and investment services, which perform services for Stern Bros. for a fee, does not represent activity by Stern Bros. in New York for jurisdictional purposes."). "Even where commercial financing and investment activities are at the core of an out-of-state defendant's business . . . , courts have been loath to find that retaining the services of New York professionals or accessing New York's unique capital markets constitutes 'doing business' in New York so as to confer general jurisdiction over an out-of-state entity." *Nelson v. Mass. Gen. Hosp.*, No. 04-CV-5382 (CM), 2007 U.S. Dist. LEXIS 70455, at *91 (S.D.N.Y. Sept. 20, 2007) (defendants' use of New York-based law firms, investment banks, rating agencies and brokerage firms did not represent activity by the defendants in New York for jurisdictional purposes).

### 3. *PLAINTIFF'S CLAIMS REGARDING ANDREW HO ARE INACCURATE.*

Plaintiff focuses on Andrew Ho's alleged investments in Providence in claiming that New York courts have general jurisdiction over Providence pursuant to CPLR § 301. Plaintiff avers that she was advised by "Andrew Ho, a New York resident, that his companies were the first and largest investors in Providence." (*See* Plaintiff's Aff., ¶ 14). However, not only was Mr. Ho not the first and largest investor in Providence, he is not a Providence investor at all. (*See* Jeffrey Aff., ¶ 16). Mr. Ho is an employee of UBS Quantitative Investments LLC, specifically a Senior Investment Officer of that Company, which has investments with Providence. (*See id.*). Furthermore, the work that Mr. Ho does in connection with Providence is done from his Connecticut office, not out of New York. (*See id.*).

II. **PLAINTIFF FAILS TO ESTABLISH THAT NEW YORK COURTS HAVE GENERAL JURISDICTION OVER JEFFREY.**

Plaintiff argues that Jeffrey is "doing business" in New York, pursuant to CPLR § 301. But, the only evidence that Plaintiff alleges to support this claim is that Jeffrey is an officer of American Capital Agency Corporation ("ACAC"), (*see* Plaintiff's Aff., ¶ 20), a company entirely unrelated to the present litigation. (*See* Jeffrey Aff., ¶ 20). Significantly, all of the activities that Jeffrey does in connection with ACAC are done from his Providence office located in Rhode Island. (*See id.*, ¶ 19). Furthermore, while Plaintiff avers that "American Capital maintains offices in New York and Maryland and does not have a Rhode Island office," (*see* Plaintiff's Aff., ¶ 21), pages from ACAC's website, attached as Exhibit 4 to Plaintiff's Aff., indicate that the company is based in Bethesda and Providence. (*See id.*, Exhibit 4, left-hand side of the page, "Bethesda | Providence").

III. **NEITHER PROVIDENCE NOR JEFFREY DOES A GENERAL SOLICITATION OF CLIENTS, NEW YORK-BASED OR OTHERWISE.**

In Plaintiff's opposition papers, Plaintiff argues that Providence solicits numerous New York clients such that it is "doing business" in New York. That is not true. Providence does not engage in general solicitation, pursuant to SEC Rule 502(c) of Regulation D. The rule provides, in relevant part, that no hedge fund, or person acting on behalf of a hedge fund, "shall offer or sell the securities by any form of general solicitation or general advertising." (*See* Jeffrey Aff., ¶ 17).

IV. **PLAINTIFF IS BARRED FROM CLAIMING THAT DEFENDANTS ARE PARTIES TO THE EMPLOYMENT AGREEMENT (THE "AGREEMENT"); THUS, THE AGREEMENT'S CHOICE-OF-LAW PROVISION AND ARBITRATION VENUE PROVISION DO NOT APPLY TO DEFENDANTS.**

Based upon the doctrine of collateral estoppel or res judicata, the Court should find that the New York choice-of-law provision and arbitration venue provision in the Agreement do not apply to Defendants because Judge Joan A. Madden ("Judge Madden"), New York Supreme Court, New York County, already held on January 14, 2008 that Defendants were not parties to the Agreement. (*See* Affidavit of Russell Jeffrey dated May 6, 2008, Exh. B, p. 5); *In Re Choi v. State of N. Y.*, 74 N.Y.2d 933, 936 (1989) (precluding petitioner's claim because: (1) the issue was identified and decided in a previous action, and (2) petitioner had a full and fair opportunity to litigate that issue in the previous action). Because Plaintiff previously argued that Defendants *were* parties to the Agreement, and Judge Madden held that Defendants *were not* parties to the Agreement, Plaintiff is collaterally estopped from claiming that the Agreement's New York choice-of-law and arbitration venue provisions apply to Defendants.

V. **PLAINTIFF HAS FAILED TO SHOW THAT THERE IS SPECIFIC JURISDICTION OVER PROVIDENCE OR JEFFREY.**

Plaintiff argues that this Court has specific jurisdiction over Defendants, Providence and Jeffrey, pursuant to CPLR § 302, because she is suing Defendants for money allegedly owed to her for work that she did as an employee of Watch Hill Management Corp. ("WHM") when she was a New York resident. (*See* Memorandum of Law in Opposition to Defendant Providence Investment Management, LLC and Defendant Russell Jeffrey's Motion to Dismiss or to Transfer Venue, p. 2 ("Plaintiff is suing Providence and Jeffrey for money that is owed to her for work she did while living in New York City attracting investors, who include New York residents, to their hedge fund business.")). However, in making this allegation, Plaintiff misconstrues the

6

standard for establishing specific jurisdiction under CPLR § 302, which requires Plaintiff to show that her cause of action arises out of Defendants', and not Plaintiff's, transaction of business in New York. *See Pieczenik v. Dyax Corp.*, No. 00 CV 243 (HB), 2000 U.S. Dist. LEXIS 9533, at *11 (S.D.N.Y. July 11, 2000) ("the plain language of § 302(a)(1) requires . . . a "substantial nexus" between the cause of action and the defendant's activities in New York."), *aff'd*, 265 F.3d 1329 (Fed. Cir. 2001). As discussed in Defendants' Memorandum of Law dated May 13, 2008, this Court does not have specific jurisdiction over Defendants because Plaintiff has failed to show that her claims against Defendants arise from Defendants' New York contacts.

## VI.   THE COURT SHOULD TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND.

Alternatively, if the Court does not dismiss the Complaint for lack of personal jurisdiction over Defendants, the Court should transfer venue to the United States District Court for the District of Rhode Island. Pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The primary purpose of this provision is to prevent "unnecessary inconvenience and expense to parties, witnesses and the public." *See Comprehensive Care Corp. v. Bank of Tokyo Trust Co.*, No. 90 Civ. 4387 (MJL), 1991 U.S. Dist. LEXIS 10433, at *7 (S.D.N.Y. July 30, 1991) (internal quotations and citation omitted). The seven factors that the Court considers are: (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the relative ease of access to sources of proof, (5) the place where the material events occurred, (6) plaintiff's choice of forum, and (7) the interests of justice. *See id.*, at *7-8.

Pursuant to these factors, the Court should grant Defendants' motion for a transfer of venue. Litigating in Rhode Island is more convenient for the parties and material witnesses

because the vast majority of Providence officers and employees, including Jeffrey, are Rhode Island residents. (*See* Jeffrey Aff., ¶¶ 24-25). Plaintiff herself resides in Idaho. While Defendants have pointed to potential witnesses in Rhode Island, Plaintiff has failed to cite to any potential witnesses for whom New York would be a convenient forum, with the exception of Mr. Yu, a Providence employee who works out of Rhode Island, pays Rhode Island taxes and could easily attend a Rhode Island hearing, (*see id.*, ¶¶ 10, 14), and Mr. Ho, a UBS portfolio manager who works out of Connecticut. (*See id.*, ¶ 16). Furthermore, contrary to Plaintiff's claims, the majority of evidence is located in Providence's facilities in Rhode Island, and the material events at issue occurred in Rhode Island. (*See id.*, ¶ 25).

"[T]he relative congestion of court calendars is also an appropriate consideration on an application to transfer venue." *Comprehensive Care Corp.*, 1991 U.S. Dist. LEXIS 10433, at *15. In *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 445 (2d Cir. 1966), the Second Circuit held that a trial court is entitled to attribute weight to the large difference in docket crowding, and because the population of Rhode Island is significantly smaller than that of New York, a significant discrepancy in calendar congestion may exist in this case. We therefore believe that this would be a factor that favors transfer to the District of Rhode Island. *See Comprehensive Care Corp.*, 1991 U.S. Dist. LEXIS 10433, at *15.

The only factor in this case that weighs against the granting of Defendants' motion to transfer venue is the deference traditionally accorded plaintiff's choice of forum; however, when plaintiff sues in a forum that is not her residence, as Plaintiff has done here, her choice of venue is to be accorded little weight. *See Wibau, Westdeutsche Industrie und Strassenbaumachinenge-Sellschaft mbH v. American Hoist & Derrick Co.*, 293 F. Supp. 273, 275 (S.D.N.Y. 1968) (because plaintiff did not reside in New York and would be inconvenienced whether the case

was tried in New York or Minnesota, the Court granted defendant's motion to transfer venue to Minnesota where defendant's chief officers, other witnesses, records and files were located).

Lastly, Plaintiff claims that it is in the interest of justice to deny Defendants' motion to transfer because "the other two defendants, Watch Hill Management Corp. and Watch Hill Investment Partners, L.P., maintain their principal and exclusive place of business and records relating to Steel Referred Limited Partners within this judicial district in Larchmont, New York." (*See* Plaintiff's Aff., ¶ 27). But, the two Watch Hill defendants have not appeared in this case, have not answered the Complaint and are in default. (*See* Jeffrey Aff., ¶¶ 26-27). Accordingly, the convenience of the Watch Hill defendants should play no roll in the Court's determination of venue.

## VII. DEFENDANTS DID NOT CONSENT TO NEW YORK JURISDICTION BY MOVING TO STAY ARBITRATION IN NEW YORK.

Finally, Defendants did not waive their jurisdictional objection by seeking a stay of arbitration in New York Supreme Court, New York County, without reserving their right to object to personal jurisdiction. Under CPLR 320(a), a defendant "appears" in an action by either: (1) making a motion that effectively extends the defendant's time to answer (*e.g.*, a CPLR 3211 motion to dismiss or CPLR 3024 motion to correct the pleadings), (2) answering a Complaint, or (3) serving a notice of appearance. Additionally, an "informal" appearance can arise where defendant participates in the merits of plaintiff's claim, such as submitting to a deposition or seeking to depose the plaintiff. *Siegel*, New York Practice § 112 at 194 (4th ed. 2005). Notably missing from the above-referenced list is making an application to stay arbitration.

We are not aware of any case law that stands for the proposition that moving to stay arbitration is equivalent to making a general appearance in an action. Further, the two cases

9

cited by Plaintiff on this issue are inapt: (1) in *Fry v. Village of Tarrytown*, 89 N.Y.2d 714, 722 (1997), the Court held that defendant waived its jurisdictional objection because it appeared and litigated the merits without objecting to jurisdiction, and (2) in *Mohr v. Raymond Int'l*, 337 F. Supp. 105, 106 (S.D.N.Y. 1972), the defendants answered the Complaint, then later sought to object to venue. In contrast to these cases, Defendants have not answered Plaintiff's Complaint or litigated the merits of Plaintiff's claims, thereby making an appearance for jurisdictional purposes. Accordingly, the Court should not consider Defendants' failure to object to personal jurisdiction when it submitted their Application to Stay Arbitration as a waiver of their jurisdictional objections.

## VIII. CONCLUSION

For all of the foregoing reasons, and for all of the reasons outlined in Defendants' Memorandum of Law dated May 13, 2008, the Complaint filed by Plaintiff should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, the Court should grant Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

Dated: June 6, 2008  
New York, New York

DAVIS & GILBERT LLP

Miles A. Baum (mbaum@dglaw.com)  
Neal H. Klausner (nklausner@dglaw.com)  
1740 Broadway  
New York, New York 10019  
Tel: 212-468-4800  
Fax: 212-468-4880